JAMES M. MUGGAH and another *v.* MATHEW ROGERS.

An order written by the maker on the back of a promissory note, while in the hands of an endorsee to whom it had been transferred after maturity, requesting a third person to pay the note on a day named, is a mere indication by the debtor of a person who is to pay in his place, and does not operate a novation of the debt. On the failure of the person indicated to pay, the maker will be responsible. C. C. 2188, 2190.

APPEAL from the District Court of St. Mary, *Boyce,* J.

*Splane* and *Stewart,* for the plaintiffs.

*Maskell,* for the appellant.

SIMON, J. The defendant, sued on a promissory note transferred and endorsed over to the plaintiffs after maturity, is appellant from a judgment which condemns him to pay the amount thereof. His defence is, that the plaintiffs received in payment of said note, his, defendant's, draft, on Thomas Maskell, for the payment thereof; and that by their neglect in not presenting the same for payment, he is entirely released from the payment thereof, and that said plaintiffs have only their remedy on the draft.

It appears that the appellant being indebted to one H. H. Wadsworth, to whose order the note sued on was made payable, the same was endorsed in blank by the payee; John Muggah became the holder thereof, and endorsed it over to the plaintiffs, on the 1st of January, 1844, about nine months after its maturity. On the 6th of April following, the drawer of the note wrote on its back an order on Thomas Maskell, *to pay the within note on the first of May next,* and signed said order. Now, the testimony of the witness Maskell informs us, that the note having been presented to him by John Muggah during the time he owned it, with the order on the back of it, and he, witness, having some claims against said John Muggah, he, the witness, offered to give him up those claims, and pay the balance. Muggah objected to the arrangement, except as to some of the claims the witness held, which he was willing to receive; but they did not complete the arrangement. John Muggah afterwards transferred the note to the plaintiffs, who refused to receive payment in this way.

The order written on the back of the note sued on, cannot be viewed in the light of a commercial transaction; it is rather in the nature of a delegation which does not operate a novation, unless the creditor has expressly declared that he intends to discharge his debtor; or it is perhaps more properly *an indication* made by the debtor of a person who is to pay in his place, and which does not operate any novation. Civil Code, arts. 2188, 2190. The conduct of the parties to this transaction shows that neither of them understood it differently; the note was left in the hands of the endorsee, who called upon Maskell for its payment; the latter pretended to take advantage of the opportunity, for collecting some claims which, he says, he held against John Muggah; this did not suit the plaintiffs, who were the holders of the note long before the order was written on its back, and it is not astonishing that, having refused to consent to the arrangement proposed by Maskell, and which was not a payment in money, they subsequently called upon the defendant to pay the amount of the note. The defendant is their debtor, and not having succeeded in collecting their debt from the person indicated, they have the clear right of coercing its payment from the drawer of the note. 16 La. 474. *Judgment affirmed.*