A. CARRIÈRE *v.* LABICHE et al.

14 211
114 408

The assumption of a debt by a new firm succeeding to the business of one that has been dissolved, the transfer of the debt to the books of the new firm, and the assent of the creditor to the arrangement, will not novate the debt without an express agreement to discharge the original debtors.

The prescription of one year is inapplicable to an action for the price of wines sold in casks and boxes by a wholesale dealer.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.
W. O. *Denègre,* for plaintiff. C. *DeChoiseul,* for defendants and appellants.

MERRICK, C. J. This suit is brought by the plaintiff against certain of the partners of the late firm of *Daran, Labiche & Co.,* to recover $377 for wine sold in casks and boxes. The defence to the action is, that the firm dissolved and transferred their business to the new firm of *Daran & Jourdan,* who assumed the

debt and transferred the same to their books, and that the plaintiff assented to the arrangement.

There is also a plea of prescription of one year. The defendant, *J. A. Carrie,* denies having been a partner, and alleges that he only acted as agent of his wife, *A. Carrie,* who is separate in property.

The promise of *Daran & Jourdan* to pay this debt, and the entry of the same on their books to the credit of the plaintiff, together with the repeated demands of the plaintiff, through his clerk, upon both firms for payment, cannot have the effect of releasing the original debtors. The law requires an express agreement to discharge the original debtor. The delegation was not complete. C. C. 2188, 2185; Pothier on Obligations, 600; 11 Rob. 511, *Muggah* v. *Rogers.*

The matters offered to be proven by defendants, as stated in their second bill of exceptions, would not, therefore, have formed a defence to the action, and the ruling of the Judge has not prejudiced the defendants on this branch of the case. The first bill of exceptions is defective in not stating the objection to the witness, nor by whom made, and does not enable us to revise the ruling of the Judge excepted to.

Plaintiff's debt is admitted to have been correct when originally made, and is also established by proof.

The bill of the wines does not show that the action is that of the retailer of provisions : on the contrary, it would seem that the plaintiff was a wholesale dealer. The item of December 5th is for 100 boxes of wine, and those of 17th and 27th of the same month was for barrels.

The prescription of one year is, therefore, inapplicable.

The proof does not show that the defendant *A. Carrie,* is separate in property from her husband. In the absence of such proof, her husband is bound *in solido* with her. C. C. 128.

Judgment affirmed.

---

## SAME CASE—ON A RE-HEARING.

MERRICK, C. J. A re-hearing was granted in this case to correct an error of fact into which the court was led from the manner in which an important admission was transcribed in the record, under the testimony of *Jules Martin.*

It is admitted that *Mrs. Carrie* was separate in property from her husband.

The judgment ought, therefore, to have been reversed as to the defendant, *J. A. Carrie.*

It is, therefore, ordered, adjudged and decreed by the court, that so much of our former decree as affirms the judgment against the said *J. A. Carrie,* be set aside ; and that the judgment of the lower court, as to him, be avoided and reversed ; and that there be judgment in favor of said defendant, *J. A. Carrie,* and that he recover his costs in the lower court; and it is further ordered, that so much of our former decree as affirms the judgment as to said *Labiche* and *A. Carrie,* wife of said *J. A. Carrie,* remain undisturbed ; and that the plaintiff pay the one-half, and the defendants, *A. Carrie* and *P. M. Labiche,* pay the other half of the costs of the appeal.