The Indiana Insurance Company of Indianapolis *v.* Glenn.

Judgment reversed, with instructions to the court below to restate its conclusions of law.

Filed November 7, 1895.

---

No. 1,489.

## THE INDIANA INSURANCE COMPANY OF INDIANAPOLIS *v.* GLENN.

APPELLATE COURT PRACTICE.—*Weighing Conflicting Evidence.*—Conflicting evidence will not be weighed by an appellate court.

NEW TRIAL.—*Action in Contract.*—*Excessive Verdict.*——An assignment as a cause for a new trial in an action on contract, that the verdict or finding is excessive, does not call in question the amount of such verdict or finding.

EVIDENCE.—*Insurance.*—*Sale of Goods.*—In an action by the assignee of an insurance policy, a question requiring a witness to state whether a sale of the stock of goods insured was made by the assignor to plaintiff, and to state how he knew, is proper as a preliminary question, where defendant is given opportunity on cross-examination to bring out what the witness knew about the transaction.

From the Washington Circuit Court.

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*R. J. Tracewell* and *Elliott & Hostetter,* for appellee.

LOTZ, J.—The appellee brought this action against the appellant upon a policy of fire insurance. The policy was issued on the 30th day of November, 1892, to one Frank Zimmer, indemnifying him against loss or damage by fire upon a stock of merchandise. The policy was afterward with the assent of the appellant assigned and transferred by Zimmer to the appellee. The stock of merchandise was subsequently damaged by fire.

The only questions presented for our consideration arise upon the assignment that the trial court erred in overruling the motion for a new trial.   The policy contained stipulations to the effect that it was understood that the interest of the assured was the entire unconditional and sole ownership of the property and that the policy should become void and of no effect by the failure or neglect of the assured to comply with its terms, conditions and covenants.   The assignment of the policy was in effect the creation of a new contract of insurance between the appellant and appellee, the terms and conditions of the policy being the basis of the new contract. The appellant sought to defeat a recovery upon the theory that the appellee was not the sole and unconditional owner of the property, and it is insisted with much earnestness that the evidence establishes that the appellee was not the sole and unconditional owner : that Zimmer, the assignor and the assured named in the original policy, still retained an interest in the stock after the assignment and at the time of the fire.   Appellant's learned counsel make a plausible and forcible argument in support of their contention.   A careful reading of the evidence, however, shows that there was a conflict on this point.   This court will not weigh the evidence under such circumstances.

It is next insisted that the damages assessed were excessive.   This being an action on contract and not in tort, an assignment as a cause for a new trial that the verdict or finding is excessive does not call in question the amount of such verdict or finding.   *Western, etc., Co.* v. *Studebaker, etc.,* 124 Ind. 176 ; *Hogshead, Admr.,* v. *State, ex rel.,* 120 Ind. 327 ; *McKinney* v. *State, ex rel.,* 117 Ind. 26.

It is lastly contended that the trial court erred in permitting a witness for appellee to testify as to his

knowledge of the sale of the stock of goods from Zimmer to the appellee. The witness was asked if he knew whether or not a sale was made by Zimmer to the appellee and to state how he knew. The appellant objected to this question on the ground that it asked for a conclusion. There was no error in permitting the witness to answer the question. It was at least proper as a preliminary question. The appellant had every opportunity on cross-examination to bring out what the witness knew about the transaction. We find no error in the record.

Judgment affirmed.

Filed April 5, 1895 ; petition for rehearing overruled November 7, 1895.