## No. 12,845.

STUDEBAKER BROS. MFG. CO. VS. FRED. ENDOM, TUTOR, ET AL.

Heirs of dead wife are sued to make responsible for a community debt property inherited by them, which had belonged to the community. Novation is pleaded in this, that surviving husband had, after death of wife, given his own notes for the antecedent community indebtedness, represented by notes, which had been surrendered to him, subsequently sued on and judgment recovered against him. He is called as witness by heirs to prove novation, and was asked whether he individually, or the heirs, owed the notes first given (those of the community), or any part of them. Objection made and sustained that this called for the opinion of the witness:

*Held*, he should have been permitted to answer and if his reply was in the negative, to explain why no, by giving the facts which lead in his view to extinguishment.

A N APPEAL from the Fifth Judicial District Court for the Parish of Ouachita. *Potts, J.*

---

*A. A. Gunby* for Plaintiffs, Appellees.

*Lamkin & Millsaps* for Defendants, Appellants.

Argued and submitted May 31, 1898.
Opinion handed down June 22, 1898.

The opinion of the court was delivered by

BLANCHARD, J.    Plaintiffs are manufacturers of wagons, carriages, buggies and other vehicles at South Bend, Indiana.

Fred. Endom, a business man of Monroe, La., handling goods and wares such as plaintiffs manufactured, opened an account with the latter in May, 1889.

For several years this account ran, purchases and payments being made from time to time.   On July 1, 1893, a balance of two thousand six hundred and eighty seven dollars and seventy-eight cents was due plaintiffs and on that day the account was closed by three promissory notes executed by Endom and delivered to plaintiffs, each note bearing that date and being for the sum of eight hundred and ninety-five dollars and ninety cents, due respectively at five, eight and twelve months.

At the time the indebtedness was contracted and the notes executed Mrs. Catherine Endom, the wife of Fred. Endom, was alive. The community of acquets and gains existed between this husband and wife and the indebtedness was a community obligation.   Mrs. Endom died on the 20th of July, 1893, shortly after the notes were given.   She left six children, issue of her marriage with Fred. Endom.   Several of them were of age, the others minors, of whom their father became tutor, qualifying as such.   All the property appearing upon the inventory of this tutorship had belonged to the community which had existed between the dead wife and the surviving husband.

When the first note given by Endom to plaintiffs matured, it was not paid.   Whereupon an agent of plaintiffs appeared in Monroe and finding Endom unable to settle, it was agreed between them that the old notes should be surrendered to Endom and new notes taken for their amount, plus the accrued interest.   This was done on February 6, 1894, at which time the debtor executed four notes, each for seven hundred and four dollars and twenty cents, payable to the order of plaintiffs at stipulated intervals, with interest.   The new

notes were delivered to plaintiffs and they surrendered the old ones to Endom. The next day, by public act of mortgage, the latter hypothecated certain real property in Monroe to secure payment of the new notes. The property so mortgaged had belonged to the community.

Endom paid none of the notes thus secured, and in October, 1895, plaintiffs proceeded *via ordinaria* to recover judgment on them, all of which had then matured, and to enforce his mortgage rights. In speaking of the mortgage the petition of this suit averred that Endom had mortgaged and hypothecated to plaintiffs "*all of his right, title and interest in and to*" the property which is described. This allegation differed, in this regard, from the act of mortgage itself, which assumed to cover the entire property.

Judgment was prayed for against Endom for the aggregate sum of the notes, with interest, etc., and for recognition and enforcement of the mortgage "on his right, title and interest" in the property.

No defence was made and the decree of the court was in accordance with the prayer.

Nothing in the present record apprises us whether or not this judgment has been executed or sought to be executed. Nor, if not executed, why not.

Two years from the date of this judgment the present suit was filed.

The petition sets forth that during the lifetime of his wife Fred. Endom had become indebted to plaintiffs in the manner hereinbefore described; that notes had been given to cover the same; that these notes represented a community obligation; that Mrs. Endom had died leaving heirs and an estate; that the father had become tutor of the minor heirs; that subsequent to the death of the wife new notes for the old ones had been given by Endom and a mortgage executed to secure payment of same; that by the substitution of the new notes and mortgage the old indebtedness was not intended to be novated; that the property mortgaged to secure the new notes belonged to the community; that this mortgage covered and was intended to cover the entire property; that subsequently suit was brought on the notes and to foreclose the mortgage; that the heirs of Mrs. Endom were not made parties and the judgment only recognized the mortgage as operative on the interest of Endom himself in the property; that in addition to this judgment against Endom plain-

tiffs are entitled to have their claim recognized as a debt of the community and as such binding upon all of the community property; and that the estate of the dead wife is liable to them for the full amount thereof.

The prayer is that the major heirs of the wife be made parties defendant; that the minor heirs be cited through their tutor, and for judgment against them *in solido* for the sum of two thousand six hundred and eighty-seven dollars and seventy-eight cents, with eight per cent. interest from July 1, 1893, recognizing and decreeing same to be a debt due by the community and as such binding on the dead wife's share in the community property.

It will be observed that this is not a suit on the last notes given by Mr. Endom to plaintiffs. These were already merged in the judgment rendered in the suit brought against him individually.

If it be an action on the notes first given, those of July 1, 1893, then it is a suit on notes not in possession of plaintiffs, which they had surrendered to the debtor, and which, in all probability, are not in existence at all.

If it be a proceeding on the original indebtedness between Endom and the plaintiffs, then it is an action on an account stated, which was closed and liquidated by the notes of July 1, 1893.

Defendants considered the suit an action on the notes first given by Endom, those of July 1, 1893, and prayed oyer of the same. Plaintiffs answered this prayer for oyer by the declaration that they did not have possession of the notes.

Defendants then, as matter of defence against the action, pleaded the extinguishment by novation of the pre-existing obligation of the community, to-wit, the notes of July 1, 1893, averring that the creditor had, after the dissolution of the community, received and accepted the individual notes and mortgage of the husband in lieu of the notes of the community, thereby discharging the obligation of the latter, and, subsequently, had sued on the husband's notes, recovered a personal judgment against him and a decree for enforcement of the mortgage he had given, in which proceeding respondents were not cited or made parties defendant. They aver that this operated a renunciation and discharge of whatever legal rights, if any, there existed against respondents and their property in favor of plaintiffs.

In any event they allege they are not liable personally and solid-

arily as averred by plaintiffs, because the succession of their deceased mother was not accepted unconditionally, but with benefit of inventory.

On the trial plaintiffs offered the depositions of two witnesses, parties in their employ, to prove the allegations of their petition, to the reception of which testimony defendants objected on the ground that plaintiffs had declared on certain notes and that parol evidence was not admissible to prove the existence and contents of the notes in view of the fact that there was no allegation of their loss or destruction; and, further, having declared on notes, evidence was not admissible to establish an indebtedness on an open account.

Those objections being overruled and the depositions received as evidence, defendants excepted.

We will not pass now upon the question here raised for the reason that, in our opinion, the case must be remanded on grounds hereinafter stated.

It was error on part of the trial judge to exclude the testimony of F. Endom, offered as a witness by defendants to prove the plea of novation tendered in their answer. This witness having been sworn and having testified that he was the father of the minors made parties defendant in this suit, and having stated which heirs of his deceased wife were of age at the time of her death, was asked this question: "Do you individually, or the heirs of Mrs. Catherine Endom, deceased, owe the three notes, or any part of them, mentioned in plaintiff's petition, viz.: those of date July 1, 1893?"

This was objected to on the ground that it called for the opinion of the witness. The objection having been sustained, defendants excepted and reserved a bill. Thereupon the witness was withdrawn and defendants closed their case.

Judgment followed in favor of plaintiffs and defendants appealed.

A motion to dismiss is filed here by plaintiffs, averring this court to be without jurisdiction *ratione materiæ* for the reason that the amount in dispute between plaintiffs and defendants is less than two thousand dollars.

There is no merit in this motion.

While the judgment is against defendants *jointly* for two thousand six hundred and eighty-seven dollars and seventy-eight cents, it is ordered to be paid out of the community property inherited by the heirs from their deceased mother; and it is expressly decreed that

" the said judgment in favor of plaintiffs is a debt due by the community existing between Fred. Endom and Mrs. Catherine Endom, deceased, and, as such, is binding on her share in the community property." Besides, the prayer of plaintiffs' petition is for judgment *in solido* against defendants for the sum mentioned above.

The motion is denied.

While the question, quoted above, asked the witness, Endom, might have been put in a less objectionable form, we think he should have been allowed to answer it and then explain why he considered that neither he nor the heirs of his wife owed the debt, if, so be it, he had replied to that effect.

He might, for instance, have answered: " No, we do not owe them," and then gone on to narrate circumstances connected with the taking up of the old notes of the community by the new notes of the surviving husband and the surrender of the former, amounting to legal novation. Or he might have answered it was expressly agreed, as consideration of the new notes and mortgage, that the old should be considered extinguished. He was cut off from making either of these replies, if, so be it, he could make either. The opportunity, at least, to give his version of the matter should have been permitted him, and while the better practice would have been to have changed the form of the question and pressed the inquiry in a different way instead of closing the case abruptly, we believe the interests of justice, certainly a better understanding of the case, call for a reversal of the judgment on this ground, and the remanding of the case.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the cause be remanded to the court *a qua* to be proceeded with according to the views herein expressed and the law; costs of appeal to be borne by plaintiffs and appellees.