(38 South. 399.)

No. 15,476.

## SUCKER STATE DRILL CO. v. HENRY LOEWER & CO.*

(March 27, 1905.)

### NOVATION—EVIDENCE TO ESTABLISH.

Plaintiff sued upon a contract. Defendant pleaded that the obligations of the contract had been extinguished by novation by reason of the creditors having received other notes signed by the debtor, together with other and new parties, payable at different dates, and with higher rate of interest. *Held*, for reasons assigned, the defense was not well founded.

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Conrad De Baillon, Judge.

Action by the Sucker State Drill Company against Henry Loewer & Co. Judgment for defendants, and plaintiff appeals. Reversed.

Hampden Story, for appellant. Medlenka & Taylor, for appellees.

### Statement of the Case.

NICHOLLS, J. In plaintiffs' petition they allege that the commercial partnership of H. Loewer & Co., doing business at Crowley, La., composed of Henry Loewer, Samuel M. Hundley, and S. Falkland, and the individual members thereof were indebted to it jointly, severally, and in solido for the sum of $2,167.95, with legal interest on $693.33⅓ of said amount from December 1, 1903, on $693.33⅓ of said amount from December 1, 1904, and on $693.33⅓ of said amount from December 1, 1905, and on the further sum of $87.95, with legal interest thereon from judicial demand, for this: That on the 25th of November, 1901, it entered into an agreement with the defendants, whereby it sold to defendants, and to be delivered to them at Belleville, Ill., f. o. b. at Belleville, certain agricultural implements, which were set out, and at prices set

*Rehearing denied April 24, 1905.

out. That the implements sold were delivered to defendants at Belleville f. o. b., and defendants were to pay for the same, as per the terms of the agreement, one-third on the 1st of December, 1902, one-third on the 1st of January, 1903, and one-third on January 1, 1904. That said contract was entered into by said partnership, through Henry Loewer, for and on behalf of himself and copartners, and the same was accepted and approved by the plaintiffs on November 29, 1901.

That defendants were indebted to plaintiff for the said sum of $87.95 on open account for goods, wares, and merchandise sold and delivered to them at their special request. That said indebtedness was due, and not paid, notwithstanding amicable demand.

Hundley answered, pleading the general issue. Loewer answered. After pleading a general denial, he averred that on or about November 25, 1901, he contemplated the formation of a partnership with S. M. Hundley and L. S. Falkland for the purpose of conducting the implement business in the town of Gueydan, La., and in anticipation of the formation of the said partnership ordered, on his own responsibility, in the name of Henry Loewer & Co., from the plaintiff company, certain drills, which were described in the order filed with the plaintiff's petition, but that the said partnership was never formed, nor did it ever come into existence; that the plaintiff shipped the goods so ordered to Gueydan, La., and the same were received by respondent, who reshipped them to Iota, where they were turned over to the Iota Implement Company, with the full knowledge and consent of the plaintiff; that about December 1, 1902, the plaintiff company, in full settlement of an open account of $2,080, being the amount of the original order, received and accepted three certain joint promissory notes, dated December 1, 1902, for the sum of $400, $1,271, and $409, payable November 1, 1903,

December 1, 1903, and December 13, 1903, respectively, to the plaintiffs' order, and signed by the Iota Implement Company, by J. H. Nordyke and H. Loewer & Co., per H. Loewer (being respondent); that at the time respondent executed these notes there was no such firm in existence as H. Loewer & Co., to the full knowledge of the plaintiff's representative, but the said notes were signed in that manner at the request of the said representative, and were accepted by the said representative with the full and distinct understanding by all parties concerned that the same was in full settlement of and a complete novation of the open account of $2,080, which novation respondent specially pleads.

Answering further, respondent avers that the item of $87.95 sued upon in plaintiff's petition is for repairs which were turned over to the Iota Implement Company, to whom the plaintiff looked for payment at the time of the execution of the notes aforedescribed, which is the reason and cause of the said amount not being included in the said notes; that the notes aforesaid were still in the possession of the plaintiff or its assigns; that they were an outstanding indebtedness against respondent for one-half the amount, being joint notes; and that consequently petitioner had no cause or right of action against respondent on any open account.

In view of the premises respondent prayed that the plaintiff's action be dismissed, and for all general and equitable relief. The district court rendered judgment in favor of Hundley, and also in favor of Loewer. In this judgment it was stated that there was no evidence connecting Hundley with the transaction. Plaintiff appealed.

## Opinion.

The defendant Henry Loewer admits the original existence of his own liability upon the contract which the plaintiff sues upon, but alleges that his indebtedness upon this same has been extinguished by reason of three promissory notes in the possession of the plaintiff, which were produced on the trial of the case—one for $400; one for $1,271, and one for $409, payable November 1, 1903, December 1, 1903, and December 13, 1903, respectively, to plaintiff's order, and signed by the Iota Implement Company, by J. H. Nordyke and H. Loewer & Co., per H. Loewer—which notes he averred were received by plaintiff's representative with the full and distinct understanding by all parties that the same were in full settlement and extinguishment of, and a complete novation of, the open accounts of the plaintiff.

Plaintiff proved up his claim independently of defendant's admission. The court sustained Loewer's defense, and rejected plaintiffs' demand. In so doing the court erred. Setting aside the fact itself that the plaintiffs had in their possession the notes referred to, signed as they were, there is no evidence whatever in the record to sustain defendant's plea of novation. On the contrary, the evidence negatives it positively.

The evidence shows beyond dispute that these notes were received by a clerk or employé of the plaintiffs named Cease merely as collateral security for the debt due by Loewer to the plaintiffs; that when they were executed Loewer desired to sign them individually, but Cease refused to allow him to do so, saying the contract was signed "Loewer & Co.," and the notes should be signed similarly, or plaintiffs would not accept them. Cease never represented to the plaintiffs or to Loewer that they were received, or extinguished the latter's debt, nor did plaintiffs ever say so or do anything which could justify Loewer in supposing that they were so accepted. Novation is not presumed. The intention to novate must clearly appear from the terms of the agreement or by a full discharge of the original debt. Loewer's defense rests entirely upon the infer-

ence which he seeks to have the court draw from the fact itself that his creditor held in his possession notes corresponding in amount with his indebtedness signed with names other than his own, payable at different dates from the original indebtedness with a higher rate of interest than plaintiffs had novated. Novation does not arise from mere implication. Code, art. 2192, declares that the delegation by which a debtor gives to the creditor another debt, or who obliges himself towards such creditor, does not operate a novation unless the creditor has expressly declared that he intends to discharge his debtor who has made the delegation, while article 2187 is to the effect that the pre-existing obligation must be extinguished, otherwise there is no novation. If it be only modified in some parts, and any stipulation of the original obligation be suffered to remain, it is no novation. Plaintiffs' action is not upon the notes, but upon the original obligation precisely according to its terms. Implication finds no place when it is opposed by direct unimpeached evidence to the contrary, and such is the case here. The implements sold by the plaintiffs were sold to Henry Loewer as being Loewer & Co., a firm which really had no existence. They were shipped to and received at Gueydan, La., according to the contract. Loewer shipped them to Welsh, La., to the Iota Implement Company, a commercial partnership which he had formed at that place. Under what circumstances and conditions they were sent to that company does not appear, but the implements were partly sold by that company and the balance turned back to Loewer. Whatever may have been the terms and conditions under which the Iota Company received them was a matter which did not concern the plaintiffs. They certainly did not consent to substitute to Loewer's indebtedness to them that of the latter company. Plaintiffs' counsel, in their brief, say: "It is sought to impose upon the credulity of the court that the Sucker Drill Company had released Henry Loewer & Co.. in a debt for which he was wholly liable,. and fully able to pay, and that the plaintiffs had accepted notes on which he (Loewer) says he was only jointly liable with a partnership concern as a co-maker perfectly irresponsible, and which, as testified to, was. insolvent at the maturity of the notes, a concern with which Henry Loewer had severed his connection six months after its formation.

The court will not accept this theory upon its knowledge of human nature, and be induced to believe that the plaintiffs would have surrendered a certainty for an uncertainty, a good for a worse advantage in a mercantile bargain, and waive its vendor's lien and privilege on the implements sold under contract to H. Loewer & Co. Carriere v. Labiche, 14 La. Ann. 211, 74 Am. Dec. 428; Latiolais v. Citizens' Bank, 33 La. Ann. 1450; Hughes v. Mattes, 104 La. 218, 28 South. 1006; Studebaker v. Endom, 50 La.. Ann. 674, 23 South. 872.

For the reasons herein assigned, it is: hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the plaintiffs, the Sucker Drill Company, do have judgment against Henry Loewer for the sum of $2,167.95, as follows: For $693.33⅓ due December 1, 1902, for $693.33⅓ due January 1, 1903, and $693.33⅓ due February 1, 1903, with legal interest from their respective dates of maturity until paid, and for the further sum of $87.95, with legal interest thereon from judicial demand,. with costs in both courts.