PETER E. ILER, APPELLEE, V. ROME MILLER, APPELLANT.

FILED APRIL 4, 1907.   No. 14,753.

Evidence. In an action of forcible entry and detention, a question asked of a witness as to who was in possession of the property was not objectionable as calling for the conclusion of the witness on legal possession, in the absence of anything in the form of the question or previous questions put to witnesses indicating that the word was used in its technical sense as synonymous with seizin.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Hall & Stout,* for appellant.

*Lake, Hamilton & Maxwell, contra.*

EPPERSON, C.

Plaintiff Iler brought this action of forcible entry and detention in the county court of Douglas county against defendant Miller to obtain possession of the Iler Grand Hotel. Plaintiff had judgment of restitution, and defendant appealed to the district court, where plaintiff was again successful, and defendant brings the case to this court for review.

A witness testified: "Q. What did Rome Miller, the defendant in this case, do with reference to the property described in Exhibit 1, after it had been executed? A. He took possession of the property. Q. Has Mr. Miller been there in possession since the time this instrument was made? A. Yes, sir. Q. How has this property been occupied? To what use has it been put by Mr. Miller?

A. In connection with a hotel.   He occupies the whole of it.   Q. You may state whether Mr. Miller has been in this property continuously from the time that he entered under this Exhibit 1?   A. He has been in continuous possession."   Defendant contends that this testimony was merely the conclusion of the witness as to the legal possession of the property, and this assignment presents the only question in the case.   As a general rule a witness will not be permitted to intrude upon both the function of the judge and that of the jury by stating a conclusion of law. 17 Cyc. 219; *Cropsey v. Averill,* 8 Neb. 151.   But it is equally well settled that where the conclusion offered, although to a certain extent resting upon the application of legal principles, is in the main a mere statement of fact, a witness will be permitted to state it.   17 Cyc. 223, 224.   In *Child v. Kingsbury,* 46 Vt. 47, it is said: "Occupation of land is a fact.   The effect of it, when its nature and extent are shown, is a matter of law.   A witness may testify to the fact of occupation, and its extent as to time and space, without stating the particular acts of which it consists."   In *Sweeney v. Sweeney,* 48 S. E. 984, 119 Ga. 76: "When it is material to an issue on trial, a witness may testify who was in the actual possession of designated realty at a given time."   In *Wright v. State,* 136 Ala. 139, 30 So. 233.   "Possession is a collective fact, and not an opinion or conclusion, and it was competent for the witness to state that he was in possession."   The supreme court of California in *Nathan v. Dierssen,* 146 Cal. 63, 79 Pac. 739, said: "It is true that there have been some intimations in some decisions that a question in this form calls for a conclusion of law, and if the word is to be taken as synonymous with seizin, it may be that the answer would involve a conclusion.   But witnesses are not supposed to be testifying with the technical accuracy of a lawyer, nor do they usually understand language with such precision.   The ordinary meaning of the word 'possession' is the same as 'occupancy.'   It is defined as 'the act of possessing; a having and holding or retaining

of property in one's power or control.' (Century Dictionary.)    Unless there is something in the form of a question or of the previous questions put to witnesses indicating that the word is used in the narrow sense of seizin, the question is unobjectionable." 1 Wigmore, Evidence, sec. 1960: "If there is a real dispute as to the net effect of the facts, these may be brought out in detail on crossexamination."    See *Webb v. Rhodes,* 28 Ind. App. 393; *State v. Brundige,* 118 Ia. 92; *Jackson v. Sill,* 11 Johns. (N. Y.) 201; *Knight v. Knight,* 178 Ill. 553; *Jacob Tome Institute v. Crothers,* 87 Md: 569.

We believe the weight of authority sustains the rule that a question asked of a witness as to who was in possession of property is not objectionable as calling for the conclusion of the witness on legal possession, in the absence of anything in the form of the question or previous questions indicating that the word was used in its technical sense as synonymous with seizin.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.