[Civil No. 1269.   Filed November 20, 1912.]

[128 Pac. 354.]

## ALBERT STEINFELD & COMPANY, a Corporation, Appellant, v. WING WONG, Appellee.

1. PAYMENT—TRIAL QUESTION FOR JURY—EVIDENCE OF PAYMENT.—
In an action on an account, where the defense was payment, *held*,
on the evidence, that whether the account had been paid was for
the jury.

2. NOVATION—ASSUMPTION BY THIRD PERSON—EFFECT.—The assumption of a debt by a third party does not relieve the original debtor
from liability to the creditor, although the creditor has notice of
such assumption, unless the creditor expressly agrees with the debtor
to release him.

3. TRIAL—REQUESTED INSTRUCTIONS COVERED BY INSTRUCTIONS GIVEN.
In an action on an account, where the defense was that a third party
had assumed and paid the debt, requested instructions that, when
one assumes and agrees to pay the debt of another, both are liable
to the creditor in the absence of an agreement to relieve the original debtor, and that the creditor may collect from either or both,
and that an effort made by rendering statements to and attempting
to collect of the third party authorizes no inference that the original debtor has been released, were covered by an instruction that
nothing would relieve the original debtor except payment by the
party assuming the debt, and hence were properly refused.

4. APPEAL AND ERROR—HARMLESS ERROR—ABSTRACT INSTRUCTION.—
An instruction stating a correct proposition of law is not necessarily
prejudicial merely because it is inapplicable to the facts in evidence, and, where it is not so, it is not ground for reversal.

5. PAYMENT—EVIDENCE—CREDIT OF PAYMENTS.—In an action on an
account, where the defense was that a third person had assumed
and paid the debt, a statement of account rendered by the creditor to such third person was competent evidence as to how the
payments were credited.

6. PAYMENT—EVIDENCE—RELEVANCY—RETURN OF ATTACHMENT WRIT.
In an action on an account in which plaintiff attached defendant's
stock of merchandise, where the only issue was as to whether defendant owed plaintiff anything, the return of the writ showing
what articles had been attached was irrelevant and immaterial.

7. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE.—
In an action on an account, in which plaintiff attached defendant's
stock of merchandise, and in which the only issue was as to whether

a third person had paid the account, error in admitting the return on an attachment showing what had been attached was not prejudicial, since, if defendant owed the debt, the attachment was proper, and, if he did not owe it, any feeling of oppression aroused in the jury might be exercised by a verdict against the plaintiff on the main issue.

8. EVIDENCE—OPINION EVIDENCE—CONCLUSION OF WITNESS.—In an action on an account, the defendant's answer to a question that he did not owe plaintiff one cent was objectionable as a conclusion.

9. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF CONCLUSION—FACTS OTHERWISE ESTABLISHED.—Where defendant in an action on an account set up payment by a third party, and testified that plaintiff had not asked him to pay anything on the debt assumed by such party, that he had talked with plaintiff's agent frequently since selling out to the third party, and that no mention had been made of the account, that he had bought goods of plaintiff for a new store, and that he was never asked to pay that account, and where there was no evidence that plaintiff had ever rendered a statement of the account to defendant subsequent to its assumption by the third party, the defendant's statement in answer to a question that he did not owe plaintiff a cent, though objectionable as a conclusion, in view of the facts detailed, was not prejudicial.

10. APPEAL AND ERROR—REVIEW—CONCLUSIVENESS OF VERDICT—CONSTITUTIONAL PROVISIONS.—Constitution, article 6, section 22, which provides that no cause shall be reversed for technical error when upon the whole case it appears that substantial justice has been done, expresses the policy of the law that a verdict upon proper instructions shall be sustained when it can reasonably be done, and thus put an end to litigation.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Santa Cruz. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Mr. Eugene S. Ives, for Appellant.

Messrs. Noon & Barry, for Appellee.

ROSS, J.—This is an action on account. The appellee admits the account, but by way of avoidance alleges that the Wing Sen Company had therefore assumed the debt, and had fully paid it before suit was brought. The issue thus formed was tried to a jury, and resulted in a verdict in favor of

appellee. Judgment was entered accordingly, from which, and an order overruling a motion for a new trial, this appeal is prosecuted.

Appellant complains of injury in the admission of evidence and of instructions given and refused.

At the close of the taking of the testimony appellant moved for an instructed verdict, which raises the question as to whether the appellee had sufficiently established, by legal and proper evidence, his defense of payment as to entitle the submission of that issue to the jury. The evidence was that on February, 15, 1911, appellee sold his mercantile business to Wing Sen Company. Prior to that date, he carried a general current account with appellant, and on the date of sale was indebted to appellant in the sum of $1,511.28, which account the Wing Sen Company assumed as part of the purchase price of the Wing Wong mercantile business. The evidence is uncontradicted that the Wing Sen Company paid on the Wing Wong account $496.53 in February and March, leaving a balance of $1,014.75 of that account due and owing on April 1, 1911. The Wing Sen Company, soon after purchasing the Wing Wong business, opened a running account with appellant, the March purchases amounting to $289.25. The first statement of account rendered by appellant to the Wing Sen Company included the Wing Wong item of indebtedness of $1,014.75, together with the current purchases of the previous month made by the Wing Sen Company. The payments made by the Wing Sen Company were credited, as shown by the monthly statements rendered by appellant, as general credits. The identity of the $1,014.75 item disappeared with the first statement, and subsequent statements rendered by appellant showed varying balances, sometimes larger and sometimes smaller than the Wing Wong indebtedness. This course of dealing was kept up between appellant and the Wing Sen Company until in August, 1911. During the time the Wing Sen Company had bought of appellant goods valued at $1,382.26, and had paid on account the sum of $1,484.86, the payments made exceeding the purchases in the sum of $102.60. The payments made by the Wing Sen Company were unaccompanied by any instructions as to their application, and the only evidence, aside from the statements rendered by appellant, as to what account they were applied, was the testimony of Albert Miller, the agent of the appellant who

sold the goods to both Wing Wong and the Wing Sen Company. This witness testified that the payments were credited upon the monthly current accounts of the Wing Sen Company. He, however, was not the bookkeeper of appellant, and had nothing to do with the entering of the credits. George Land of the Wing Sen Company testified that his company had paid over $1,000 on the Wing Wong account. With this state of facts before the court we think the motion for an instructed verdict was properly overruled. The issue, as before stated, was as to whether the Wing Wong account had been paid or not, and there was proper and legal evidence tending to sustain the negative as well as the affirmative of that proposition. It was for the jury to say which side of the contention was right. The instructions of the court, we think, on the whole correctly stated the law.

The instruction particularly applicable to the issue, as made by the pleadings and evidence, was as follows: "You are instructed that the assumption of a person's debt by a third party does not relieve the original debtor from liability to the creditor, even though the creditor is advised of the assumption by the second party. In other words, in this case the fact that the Wing Sen Company agreed to pay this account or debt to Steinfeld & Co., and that Steinfeld & Co. knew that Wing Sen Company had agreed to pay it, would not release Wing Wong from the debt, unless Steinfeld & Co. expressly agreed with Wing Wong to release him, so that in this case the assumption of the debt by Wing Sen Company would not be sufficient to exonerate Wing Wong, unless, in addition to the assumption of the debt, Wing Sen Company had paid the debt. So this case determines, and your verdict will turn upon whether or not the evidence in this case is sufficient to satisfy you that Wing Sen Company, after assuming this $1,014.75 indebtedness, paid that amount to Steinfeld & Co. on the account of that old debt. If they have done so, and you are satisfied from the evidence that they have done so, you should, by your verdict, find for the defendant. If you are not convinced that they have done so, you should by your verdict find for the plaintiff in the amount that has not been proven to have been paid by Wing Sen Company."

There is no complaint made of this instruction by appellant, but it contends that several instructions asked were improperly refused. The appellant's requests that were refused were to

the effect in varying forms that, when one assumes and agrees to pay the debt of another, both are liable to the creditor, in the absence of an agreement to relieve the original debtor, and that the creditor may collect from either or both, and that an effort made by rendering statements to and attempting to collect of the one who assumed to pay the debt authorizes no inference that the original debtor had been released. The court told the jury in its instructions (*supra*) that nothing would relieve appellee from paying his debt, except payment by the Wing Sen Company, and, while it was a negative way of stating the law applicable to the issue, it was as comprehensive as the issue itself. No error, therefore, was committed in refusing the instructions asked by appellant, for the reason that they were fully covered by the court's instruction. *Sheehy* v. *Territory,* 9 Ariz. 269, 80 Pac. 356; *Greene* v. *Hereford,* 12 Ariz. 85, 95 Pac. 105; *Title Guaranty & Surety* v. *Nichols,* 12 Ariz. 405, 100 Pac. 825; 38 Cyc. 1711.

The appellant complains that the court erred to its prejudice by instructing the jury that payments must be credited as directed at the time they were made or declined, and asserts that there was no evidence of any directions as to how any payment should be credited, and that, therefore, the instruction was outside of the evidence and the issue. It may be true that this instruction is not supported by any evidence; "but an instruction stating a correct proposition of law is not necessarily misleading, or prejudicial, merely because it is inapplicable to the facts in evidence, and where it is not so there is no ground for reversal." 26 Cyc. 1622, note 46; *Thornton-Thomas M. Co.* v. *Bretherton,* 32 Mont. 80, 80 Pac. 10; *Renfro* v. *Fresno Ry. Co.,* 2 Cal. App. 317, 84 Pac. 357. We cannot believe that this instruction misled the jury, or that the verdict was in any way influenced by it.

The court in another instruction called the attention of the jury to the appellant's different statements to the Wing Sen Company showing the credits as made by appellant on such statements, and suggested that the jury might want to consider the evidence as to where these several payments were credited by appellant when received by it from the Wing Sen Company. Appellant complains of this instruction, and asserts in that connection that the undisputed evidence was that appellant credited all payments upon the Wing Sen Company

current account. If appellant's statement of the evidence was correct, the giving of the instruction would constitute error, but the statements of account rendered by appellant were competent evidence as to how the payments were credited, and, in addition thereto, Land testified that he had paid appellant over $1,000.

The appellant at the time of instituting this suit attached the stock of merchandise of the appellee. Over the objection of the appellant, the court permitted the appellee to introduce the return to the writ showing the articles that had been attached. When it is taken into consideration that the only issue between the parties was as to whether Wing Sen Company had paid the Wing Wong account or not, or, differently stated, as to whether the appellee owed appellant anything or not, it is certainly difficult to see the materiality of such evidence. It was foreign to any issue on trial, and should not have been allowed to go before the jury.

It is contended by appellant that this was prejudicial error. It seems to us that would depend on the ultimate fact as to whether appellee did or did not owe the debt sued for. In the former case it could not create prejudice for the law permits attachment as security to any judgment that might be obtained and the jury, as reasonable men, would see the justice of such action, and, if the latter, any feeling of oppression aroused in the jury would be exercised to a proper and correct solution of the case; that is, in a verdict against the appellant on the main issue. In view of the facts of the whole case, we are satisfied that the admission of this irrelevant testimony did not excite sympathy for appellee or hostility to appellant, or in any way prejudicially affect the verdict of the jury. 16 Cyc. 1114.

The appellee, while a witness in his own behalf, testified: "Q. What did you owe Mr. Steinfeld at this time? A. I didn't owe him one cent." The appellant objected at the proper time to the question, and moved to strike the witness' answer. Error is assigned on this ruling of the court in permitting the answer and in refusing to strike. Before this question was asked and answered, appellee had testified that appellant had not asked him to pay anything on account of the debt assumed by the Wing Sen Company, that he had seen and talked with Miller, agent of appellant, every month

since he had sold to the Wing Sen Company, and that no mention had been made of the account by Miller, that he had bought goods of the appellant through Miller for his new store right along until August fourth or fifth, and that he was never asked to pay that account. There was no evidence that appellant had ever rendered a statement of this account to appellee subsequent to its assumption by the Wing Sen Company. The witness' answer that he did not owe appellant a cent was simply his deduction, based upon the foregoing facts, and the jury doubtless was not influenced by his statement, and relied on it only so far as it was supported by the detailed facts. It was error to permit the witness to state his conclusions, but we think the error was harmless. "It by no means necessarily follows that the admission of a conclusion by a witness who has already stated the constituting facts will be ground for reversal. There may be no prejudice." Chamberlayne on Modern Law of Evidence, sec. 2291. "Where a witness has stated in detail facts upon which he rests his conclusion, a case will not always be reversed because he has been allowed to state such conclusion, for his opinion usually has little weight with the jury; but, under the law of evidence, such question is erroneous, and should not be permitted." *Sampson* v. *Hughes,* 147 Cal. 62, 81 Pac. 292. The same question of evidence, or practically the same, as in this case, has been passed upon in accord with the views herein expressed in the following cases: *People* v. *Wilson,* 14 Cal. App. 515, 112 Pac. 579; *Indiana Ins. Co.* v. *Glenn,* 13 Ind. App. 534, 40 N. E. 151; *Greene* v. *Tally,* 39 S. C. 338, 17 S. E. 779; *Miller* v. *George,* 30 S. C. 526, 9 S. E. 659; *Shrimpton* v. *Brice,* 109 Ala. 640, 20 South. 10; *Parker* v. *Otis,* 130 Cal. 322, 92 Am. St. Rep. 56, 62 Pac. 571, 927; *Studebaker Bros. Mfg. Co.* v. *Endom,* 50 La. Ann. 674, 23 South. 872.

The issue in this case was passed upon by a jury under proper instructions. The policy of the law is, or ought to be, to sustain the judgment of the trial court when it can reasonably be done, and thus put an end to litigation. To effect that very laudable purpose, it is provided in article 6 section 22, of the constitution of Arizona: "No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done." The admission of the testimony in the two instances named

was error, but not of sufficient gravity to justify our remanding the case for a new trial.

If any injurious effect resulted in the court's allowing the witness to state his conclusion, that effect could have been easily removed by cross-examination by appellant. As Wigmore on Evidence, section 1960, well says: "If there is a real dispute as to the net effect of the facts, these may be brought out in detail on cross-examination." *Iler* v. *Miller,* 78 Neb. 675, 14 L. R. A., N. S., 289, 111 N. W. 589.

Judgment of the trial court is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

---

NOTE.—As to the general rule for the application of payments on accounts, see note in 96 Am. St. Rep. 62.

As to when the original obligor is discharged under a third person's agreement to answer for his debt, see note in 126 Am. St. Rep. 505.