No. ——

First Circuit Appeal

---

ALBIN PROVOSTY v. JAMES G. BROOKS

---

(May 5, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Executory Process—Par. 38; Mortgages—Par. 165.

Where A sold property to B, B giving A promissory notes in payment thereon, and B afterwards sold the property to D who under the contract of sale assumed the payment of the notes made by B in his purchase of the property from A, in view of the fact that each sale contained the stipulation not to alienate or otherwise encumber said property to the prejudice of the mortgagee, an executory process issued at the instance of C, the owner of the promissory notes against D, the owner of the property does not have to make B a party to the suit in order to afterwards hold B personally liable on his notes.

2. Louisiana Digest—Sales—Par. 310.

A release and discharge by novation, of the maker of the promissory notes does not result from a stipulation in an act of sale by which the purchaser agrees to assume the payment of these notes as part of the purchase price of the property, in the absence of an express declaration on the part of the owner and holder of the notes in his petition to the court to that effect.

(Civil Code, Articles 1890, 1902, and C. P. Art. 35. Editor's note.)

Appeal from the Sixteenth Judicial District, Parish of St. Landry, Hon. B. H. Pavy, Judge.

This is a suit to collect the balance due on three promissory notes. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dubuisson, Perrault & Burleigh, of Opelousas, attorneys for plaintiff, appellee.

Claiborne & Claiborne, of Pointe Coupee, and Gilbert L. Dupre, of Opelousas, attorneys for defendant, appellant.

ELLIOTT, J. J. A. Richard sold to James G. Brooks, a certain tract of land containing 63 acres more or less, situated in the Parish of Pointe Coupee, by title dated May 6, 1918, for the price and sum of four hundred dollars; all on credit, represented by four notes for $100.00 each, payable to the order of and by said Brooks, endorsed one, two, three and four years after date, with interest and attorneys' fees, etc.

A special mortgage was granted and vendor's privilege retained on the property in favor of any holder of said notes, in order to secure the purchase price, with the stipulation that the purchaser was not

to sell, alienate or in any way encumber said property to the prejudice of the same; and in the event the notes were not paid at maturity, it was agreed in the act that the property might be seized and sold by executory process without appraisement to the highest bidder for cash. Dr. J. A. Richard negotiated the notes by selling and delivering them on the day of the sale to Albin Provosty.

On August 1, 1918, James G. Brooks sold and delivered the property by authentic act to W. C. Nash for $650.00, of which Nash paid $250.00 in cash and for the balance of the price assumed and undertook to pay the 4 notes which Brooks had executed and delivered to Richard as above stated, and in order to secure his undertaking, a special mortgage was granted and vendor's privilege was retained on the property; and Nash bound himself in the act not to sell, alienate or otherwise encumber the property to the prejudice of the same. Neither Provosty nor Richard were parties to this act.

Nash paid the note which first came due, but failed to pay the other three.

On March 1, 1924, Provosty, owner and holder of the notes, proceeded against Nash by executory process and caused the property to be seized and sold to pay the three unpaid notes, without notice to Brooks. The property was offered without appraisement, and was sold and delivered by the sheriff to Provosty, by title dated May 24, 1924, for the price and sum of $125.00 —Taxes and cost amounting to $72.73 were deducted, leaving $52.27, which Provosty credited on one of the notes.

The copy of the petition for executory process. which we find in the record, is certified to by Clerk of Court as follows: "A correct copy of the original petition and order filed thereon," but the order was not copied.

We notice that no contention is made that the property was seized and sold without an order authorizing, signed by the judge: We therefore assume for the purpose of our decision, that an order was obtained and that the Clerk of Court thought he had copied it; but by accident and oversight failed to do so, and that there is no question about it.

In the month of June, 1924, Albin Provosty, the plaintiff, instituted the present suit against the defendant, James G. Brooks, in which he prays for judgment against him for the balance due on the three notes which he executed and signed in buying the property from Richard.

The defendant filed an exception of no cause of action, which was overruled. He then plead the prescription of five years, which was referred to the merits. He then answered, resisting plaintiff's demand on the ground that the plaintiff had, by his proceedings against Nash, released and discharged him from liability on said notes; and alleged in the alternative, that if he was not released by said proceedings against Nash, then the proceedings were null and void and the property should be restored to him. Judgment was rendered in the lower court in favor of Provosty as prayed for, the defendant Brooks appealed.

OPINION.

The exception of no cause of action was properly overruled and the notes are not prescribed. The contention is that Provosty, owner and holder of the three notes executed by Brooks in buying the property from Richard and which represented the purchase price on which that sale was based, having availed himself of the stipulation *pour autrui* in the sale from Brooks to Nash, for the purpose of having the property seized and sold in order to pay these notes; and having proceeded against W. C. Nash, without notice to Brooks, that he thereby released and discharged Brooks from liability thereon.

We are cited to the Civil Code, Art. 1890, C. P. Art. 35 and Pecquet vs. Pecquet's Executor, 17 La. Ann. 204, 233; Schlatre vs. Greaud, 19 La. Ann. 125; De L'isle vs. Succession of Moss, 34 La. Ann. 164-7, for law and authority which defendant claims supports the release and discharge for which he contends.

The C. C. Art. 1890 reads: "A person may also make in his own name some advantage for a third person a condition for a commutative contract or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract cannot be revoked."

We do not think this Art. of the Civil Code provides for the release by novation contended for by defendant.

Mr. Brooks in selling the property to Nash, did not stipulate anything in favor of Richard, which Richard or any other holder of the notes did not have. He stipulated in his own favor. He stipulated that Nash was to pay the notes which he was bound to pay as the purchase price in his title from Richard. The stipulation imposed on Nash the duty of paying them and he failed to do so. It is true, under the law and authorities cited, Provosty, holder and owner of the notes, could avail himself of the stipulation that Nash was to pay the notes. Provosty acted on said stipulation and caused the property to be seized and sold by executory process contradictorily with Nash and without notice to Brooks; but the law and authorities cited does not, in our opinion, govern the question of release and discharge by novation, so strongly contended for by the defendant.

The Art. 1890 and C. P. Art. 35, to which we add C. C. Art. 1902, authorized Provosty to avail himself of the stipulation in the act from Brooks to Nash and provided when he does so, that same can not be revoked; but a release and discharge of Brooks by novation does not result therefrom in the absence of an express declaration on the part of Provosty in his petition to the court to that effect.

In Schlatre and Bebheux vs. Greand, 19 La. Ann. 125, cited by defendant, the Supreme Court held that Greand having assumed the debt, could not say thereafter that he was a third person, so as to prevent plaintiff from proceeding against him as his debtor. But the case does not involve a release and discharge by novation, such as defendant urges in this case.

In De L'isle vs. Succession of Moss, 17 La. Ann. 164, cited, the syllabus reads: "When payment of a sum due by a vendor is assumed by a purchaser as part of the price of sale, the creditor whose debt is so assumed is entitled to claim a vendor's privilege when seeking payment of his debt". The opinion commences with the following statement: "The only question presented on appeal in this case for determination is simply whether the payment of a mortgage debt assumed by a vendee as part of the price of the sale, is secured by vendor's privilege on the property sold." A release and discharge by novation does not appear to have been a question in the case.

The Pecquet vs. Pequet's Executor, 17 La. Ann. 204; Conte vs. Cain, 33 La. Ann. 965; Tilley vs. Camden Fire Ins. Assn., 139 La. Ann. 985, 72 South. 709; Succession of Ferguson, 17 La. Ann. 255; Pele vs. Meaux, 17 La. Ann. 60, cited by defendant and to which we add, examined by us in connection with the question are to the same effect.

The release and discharge by novation contended for by defendant, is governed by the Civil Code Art. 2193, which reads: "The delegation by which a debtor gives to the creditor, another debtor, who obliges himself towards such creditor, does not operate a novation, unless the creditor has expressly declared that he intends to dis-

charge his debtor, who has made the delegation."

Provosty's petition in his proceedings against Nash and the prayer in his petition that the property he sold to satisfy the said notes in principal, interest, attorney's fees and cost, etc., is not the equivalent of an express declaration that he intends to thereby discharge Brooks from his liability on the notes, in case they were not paid as a result of the sale.

The law says that the creditor must "expressly declare that he intends to discharge his debtor, who has made the delegation".

We can not impute to Provosty such intent, when his petition in the executory proceedings against Nash contains no declaration of that kind.

The cases in which consent is implied to a contract are particularly determined by law, C. C. Art. 1781.

Consent is expressed "when evinced by words either written or spoken," C. C. Art. 1811, etc.

The Latiolais vs. Citizens Bank, 33 La. Ann. 1444, cited by plaintiff, to which we add Muggah vs. Rogers, 11 Rob. 511; Alling vs. Citizens' Bank, 4 La. Ann. 309; Rusk vs. Crawford, 25 La. Ann. 314; Studebaker Bros. Mfg. Co. vs. Endom, 51 La. Ann. 1263, 26 South. 90; Sucker State Drill Co. vs. Henry Loewer & Co., 114 La. 403, 38 South. 399, are authorities against the discharge contended for by defendant.

The defendant contends that Provosty's claim against Brooks is inequitable, on the ground that Provosty has acquired property worth $650.00 and should not be allowed to hold this property and at the same time collect from Brooks the balance due on the notes given by him in purchasing the property from Richard. Brooks knew or would have known if he had made proper inquiry that Nash had not paid the notes which he undertook to pay when

they became due. He sold the property to Nash and delegated the duty to him without consulting Richard or the owner and holder of the notes, and after which he took no further interest in the matter; but now stresses his interest which he himself neglected.

The sale of which Brooks complains was made at public auction in the Parish of Pointe Coupee, to the last and highest bidder. Had he looked after his outstanding notes there would have been no sale.

We have given weight to the theory advanced and authorities invoked by defendant's learned counsel, and differ with him as to the release and discharge by novation which he contends for. The judgment appealed from is, in our opinion correct and must therefore, be affirmed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed. The defendant and appellant to pay the cost in both courts.