[Civil No. 1037.   Filed March 27, 1908.]

[95 Pac. 105.]

W. C. GREENE and the GREENE CATTLE COMPANY, a Corporation, Defendants and Appellants, v. FRANK H. HEREFORD, Plaintiff and Appellee.

1. APPEAL—REVIEW—INTERLOCUTORY ORDERS—JUDGMENT ON PLEADING.—The denial of a motion for judgment on the pleadings, in the absence of error assigned in the ruling or appeal taken therefrom, cannot be considered on appeal from the final judgment rendered.

2. SAME—REVIEW—HARMLESS ERROR—PLEADING—CROSS-COMPLAINT—MOTION TO STRIKE.—Where plaintiff, in an action to recover compensation for services as attorney, moved to strike a cross-complaint, and also demurred thereto, and the court sustained the motion to strike, and overruled the demurrer on account of the cross-complaint having been stricken out, it is immaterial to the defendant that the wrong form of disposing of the cross-complaint was used.

3. SETOFF AND COUNTERCLAIM—SUBJECTS OF COUNTERCLAIM—CLAIMS ARISING OUT OF SAME TRANSACTION.—Under the statute authorizing

counterclaims founded on a cause of action arising out of, or incident to, or connected with, plaintiff's cause of action, defendant, in an action to recover compensation for services as an attorney for the buying up of scrip lands, may not set up as a counterclaim a cause of action arising from the failure of plaintiff to deed other lands bought with money of defendant, and which on demand plaintiff had refused to deed.

4. DEPOSITIONS—FAILURE OF WITNESS TO APPEAR—INTERROGATORIES TAKEN AS CONFESSED—EFFECT ON SUBSEQUENT TESTIMONY.—Revised Statutes, 1901, sections 2516, 2517, authorize a notary to compel the attendance of witnesses to answer interrogatories on the taking of depositions; and when these provisions have been complied with by the notary, and a witness fails to appear, the interrogatories may, under section 2531, be taken as confessed. *Held*, that the testimony of one who failed to appear before the notary was not inadmissible at the subsequent trial, on the ground that no evidence inconsistent with the interrogatories taken as confessed was admissible, where the notary did not comply with sections 2516, 2517, since in such case the penalty provided by section 2531 was not incurred.

5. ATTORNEY AND CLIENT—RIGHT TO COMPENSATION—NEGLIGENCE.—In an action to recover compensation for services as an attorney, defended on the ground of his negligence or want of due diligence in purchasing scrip land at the lowest price possible, testimony of one witness that at one time the value of scrip did not exceed $2.50 per acre, which testimony was qualified by the witness stating that he gave it only from hearsay, is not sufficient to show negligence or want of diligence of the attorney, though he paid $4.85 per acre for the land purchased.

6. TRIAL—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.—A requested instruction, not applicable to the evidence, is properly refused.

7. SAME—INSTRUCTIONS ALREADY GIVEN.—The refusal of an instruction substantially covered by one given is not error, as the court is not obliged to repeat instructions once given, or to place substantially the same idea before the jury in several different instructions, differing but slightly in their phraseology.

8. SAME—INVADING PROVINCE OF JURY.—An instruction, in an action for compensation by an attorney, that if the jury find from the evidence that by the terms of the contract of employment plaintiff was to give his entire time and attention to the service of defendant, the evidence is insufficient to warrant the jury in finding that such provision of the contract was waived by defendant, is erroneous, since the very duty of the jury is to determine, where there is any evidence, whether such evidence is sufficient or insufficient to warrant the jury in finding the fact in support of which such evidence was offered.

9. APPEAL—REVIEW—EXAMINATION OF WITNESS.—Where an objection is sustained to the question put to a witness, but the witness an-

swers, and the answer is neither withdrawn nor stricken out, and remains in the record, an assignment of error to such ruling is idle.

10. DEPOSITIONS — INTERROGATORIES — RESPONSIVENESS OF ANSWER. — Where an interrogatory calls upon deponent to state conversations which he had with a person, and asks him to state when and where each of such conversations took place, and who was present, and all that was said, the answer is properly stricken out, where the witness did not attempt to give the conversations, but only stated that he told the person certain things, and where a large portion of the answer is incompetent, because it is testimony concerning the contents of written documents and witness' conclusions as to the effect thereof.

11. APPEAL—ASSIGNMENT OF ERRORS—NECESSITY.—Exclusion of a deposition at the trial, not assigned as error, cannot be considered on appeal.

12. DEPOSITIONS—ADMISSIBILITY IN EVIDENCE.—Where a deposition is excluded at a trial, a request to permit the reading of an answer to an interrogatory in such deposition is properly denied.

13. EVIDENCE—DOCUMENTS—BEST EVIDENCE.—A general manager of a corporation may not testify as to what the nature of his duties are, where the by-laws of the corporation prescribe such duties, since the by-laws are the best evidence.

14. WITNESSES—EXAMINATION—LEADING QUESTIONS.—A question to a witness, "Did Mr. H. deny that he had agreed to give Mr. G.'s business his entire attention?" is leading and objectionable.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. John H. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

Eugene S. Ives, S. L. Pattee, and S. V. McClure, for Appellants.

It was error to strike from the amended answer the matters set up in the cross-complaint. The only motion to strike out an entire pleading contemplated by our statutes is the striking out of an answer as sham or an answer or demurrer as frivolous. Nothing in these statutes contemplates the summary striking out of a counterclaim, for the reason that the matters pleaded in it are not proper subject of a counterclaim. This objection can only be raised by demurrer under the provisions of paragraph 1354. *Fettretch* v. *McKay*, 11 Abb. Pr., N. S. (N. Y.), 453; *Collins* v. *Suau*, 7 Rob. (N. Y.) 94.

Paragraph 1364 of the Revised Statutes of 1901 prescribes what may be pleaded as a counterclaim, and provides in effect that the claim sued upon and the counterclaim interposed must be of the same general character.

It is immaterial what the defendant calls his pleading, whether he designates it as a counterclaim or cross-complaint. It is the facts set up in the pleading which make it a counter-claim, and its character will be determined by the court from the facts so pleaded and not from the designation given it by the pleader. *Dunham* v. *Travis*, 25 Utah, 65, 69 Pac. 468.

By failing to appear and answer interrogatories at the time fixed for his deposition, the plaintiff confessed the interroga-tories which would have been propounded, and evidence con-trary to the interrogatories so taken as confessed should not have been received.

Paragraph 2531 provides: "If the party interrogated re-fuses to answer the officer executing the commission shall certify such refusal, and any interrogatory which the party refuses to answer, or which he answers evasively, shall be taken as confessed."

The effect of taking the interrogatories as confessed and the inadmissibility of evidence in contradiction is clearly set forth in *Gulf, Colo. & S. F. R. R. Co.* v. *Nelson*, 5 Tex. Civ. App. 387, 24 S. W. 558, in which it was held that it was error to refuse to take certain interrogatories as confessed, and error to permit the plaintiff to testify contrary to the interrogatories so taken as confessed.

The contract between the plaintiff and defendants under the pleadings and evidence was not, as a matter of law, a con-tract of employment for an indefinite time. It was either a contract for one year only, or its character was a question for the jury to determine. 26 Cyc. 973, 974; *Greer* v. *Arlington Mills Co.*, 1 Penne. (Del.) 581, 43 Atl. 609; *Adams* v. *Fitz-patrick*, 125 N. Y. 124, 26 N. E. 143; *Martin* v. *New York Life Ins. Co.*, 148 N. Y. 117, 42 N. E. 416.

The invariable rule, however, in all jurisdictions is that any presumption as to the period of the contract is to be controlled by evidence indicating the intention of the parties at the time such contract was made. *Kelly* v. *Carthage Wheel Co.*, 62 Ohio St. 598, 57 N. E. 984; *Kellogg* v. *Citizens' Ins. Co.*, 94 Wis. 554, 69 N. W. 362; *Adams* v. *Fitzpatrick, supra.*

Under the evidence the court should have instructed the
jury that whatever may have been the contract made on April
26, 1901, the implied contracts for service during succeeding
years provided that the plaintiff should render his entire ser-
vice to the defendants.

The court erred in refusing to instruct the jury as re-
quested, that the burden of proof to establish a waiver was
upon the plaintiff.

It will not be disputed that as a matter of law the burden
of proof to establish a waiver is upon the party who asserts
it, and it is assumed that the court refused the request be-
cause of the following portion of it: "The proof of such
waiver must be made by clear and satisfactory evidence."

"A waiver of an existing right, to be effectual, must be made
intentionally, and when there is no express agreement to sur-
render a right, the mere actions of a person, to have that effect,
must be such as to evince clearly an intention in the minds of
the actor to make the surrender." *Balfour* v. *Parkinson*, 84
Fed. 855, at p. 861; *Linwood Park Co.* v. *Vandusen*, 63 Ohio
St. 183, 58 N. E. 576, at p. 580; *American Freehold Land Mtg.
Co.* v. *Pace*, 23 Tex. Civ. App. 222, 56 S. W. 377.

S. E. Hazzard, and Frank H. Hereford, for Appellee.

The judgment should be affirmed for the reason that plain-
tiff's complaint was founded upon an account, both complaint
and account being verified, and defendants' answer not being
verified. Rev. Stats. 1901, pp. 440, 441, par. 1358, subd. 11.

The failure of the appellants to verify their answer admits
"the allegations of the complaint in regard to such matter."
*Daggs* v. *Phoenix Nat. Bank*, 5 Ariz. 409, 53 Pac. 201; *Daggs*
v. *Phoenix Nat. Bank*, 177 U. S. 549, 20 Sup. Ct. 732, 44 L.
Ed. 882.

Our statutes expressly provide what pleadings shall be per-
mitted on the part of the plaintiff and defendant, and they
do not contemplate or permit the filing of a cross-complaint.
If the matter set up in the cross-complaint is proper matter,
correctly pleaded, to establish a counterclaim, then the mis-
nomer cuts no figure.

"A counterclaim to be available to a party must afford to
him protection in some way against the plaintiff's demand
for judgment, either in whole or in part. It must therefore

consist of a setoff or claim by way of recoupment or be in some way connected with the subject of the action stated in the complaint. It must present an answer to the plaintiff's demand for relief; must show that he is not entitled according to law or under the application of just principles of equity to judgment in his favor as or to the extent claimed in the complaint. It must therefore contain not only the substance of what is necessary to sustain an action in favor of the defendant against the plaintiff, but it must also operate in some way to defeat in whole or in part the plaintiff's right of recovery in the action. An answer which does not meet these requirements is insufficient, whether regarded as a defense or counterclaim.'' *Mattoon* v. *Baker,* 24 How. Pr. (N. Y.) 329; *Venable* v. *Dutch,* 37 Kan. 515, 1 Am. St. Rep. 260, 15 Pac. 520; *Dove* v. *Hayden,* 5 Or. 502. ''Only such causes of action may be joined as are capable of the same character of relief.'' Rev. Stats., p. 428, par. 1291.

The right to take the deposition of an adverse party is statutory and it can only be taken in strict compliance with the provisions of the law. The statutes relating to the taking of the deposition of the adverse party expressly state that ''A commission to take the answers of the party to the interrogatories filed shall be issued by the clerk or justice and be executed or returned by any authorized officer, as in other cases.'' Rev. Stats., par. 2529, p. 673. And there is no provision of our statutes under which the deposition of the adverse party can be taken except upon a commission issued by the clerk or justice, and after notice and interrogatories filed.

But if there had been no other objection on the part of appellee Hereford to giving his deposition, the fact that at the time Josie B. Henderson, before whom the deposition was to be taken, in accordance with the notice, was the stenographer of, in the employ and under the control of Hon. Eugene S. Ives, attorney for appellants, was sufficient to disqualify her from acting as commissioner, or notary public, and sufficient to justify appellee Hereford in refusing to give his deposition before her. *Blum* v. *Jones,* 86 Tex. 495, 25 S. W. 694; *Rice* v. *Ward,* 93 Tex. 537, 56 S. W. 747; *Testard* v. *Butler,* 20 Tex. Civ. 106, 48 S. W. 753; *Floyd* v. *Rice,* 28 Tex. 342; 9 Am. & Eng. Ency. of Law, p. 305. And see *Tillinghast* v. *Walton,*

5 Ga. 335; *Glanton* v. *Griggs*, 5 Ga. 424; *Singer Mfg. Co.* v. *McAllister*, 22 Neb. 359, 35 N. W. 181.

The court gave several instructions on waiver, which were properly given and cover any instruction upon the subject asked for and refused by defendants.

DOAN, J.—On April 26, 1906, Frank H. Hereford was an attorney at law, practicing in the courts of the territory of Arizona with one Seth E. Hazzard, under the firm name of Hereford & Hazzard. At that time W. C. Greene was the president of the Greene Cattle Company, and in behalf of himself and the Greene Cattle Company he entered into a contract with Hereford. No one, other than Greene and Hereford, was present at the time the contract was made, which was oral, with the exception that at its conclusion Greene wrote and gave to Hereford a memorandum showing what ranches he wanted scrip laid upon, and dictated, and signed as president, a letter to F. B. Mosen, secretary of the Greene Cattle Company, setting forth the general scope of Hereford's duties under the contract, which work, so outlined, Hereford afterward attended to, and the compensation for which, under said contract is the subject matter of this action. Hereford and Greene differ as to the nature of the contract. Hereford alleges that Greene and the Greene Cattle Company employed him at a salary of $5,000 per year, to be paid by the defendants and each thereof to the plaintiff, to act as general counsel and attorney at law of the Greene Cattle Company, and the special counsel of the defendant Greene, in matters and proceedings in the United States Land Office, and for similar matters affecting the property owned or used by the said Greene Cattle Company. Greene alleges that Hereford agreed to devote his entire time exclusively to the service of Greene and the Greene Cattle Company. Hereford denies that he agreed to devote his entire time to the service of the defendants, or either of them, but admits that he did agree to give Greene's business his first attention. It is conceded that Hereford devoted a large portion of his time to the service of other clients than the defendants. Hereford in his reply alleged that, if the contract of employment did provide that he should give his entire services exclusively to the defendants, such provision was waived by the defendants, and sets up facts

which he claims constituted such waiver. The appellants contend that the facts alleged in the reply are not sufficient to constitute a waiver. The evidence establishes that Hereford received, between the twenty-sixth day of April, 1901, and the sixth day of August, 1903, from the defendants, the sum of $32,081.75, and that these moneys were advanced to Hereford by Greene for compensation, and partly for funds with which to purchase scrip to be located by Hereford, and partly to reimburse him for moneys expended under the contract. Attached to the complaint is a statement of an account rendered by Hereford to the defendants, the correctness of all of the items of which is conceded by the defendants, except those made in the purchase of scrip. Hereford credits himself with $21,764.69 for the purchase of 4,474 acres of scrip, or an average of $4.85 for each acre of scrip so purchased. The defendants allege that the reasonable value of such scrip at the time the purchases were made was $2.75 per acre. This Hereford denies.

The defendants filed as a part of their first amended answer a cross-complaint, in which they allege that they advanced to the plaintiff between the twenty-sixth day of April, 1901, and the fifteenth day of October, 1903, about $32,000 in compensation for his services under the contract, and to be used and expended by him in the purchase of scrip on behalf of the defendant Greene; that the plaintiff purchased a large amount of scrip, and located the same upon divers tracts of land, aggregating many hundreds of acres, some being located in the name of the plaintiff, and some in the name of other persons, and that in purchasing scrip and locating lands therewith the plaintiff expended certain moneys so advanced to him; that the plaintiff had refused to convey or cause to be conveyed these lands to the defendants, or either of them, though often requested so to do. Defendants asked for judgment that the plaintiff be required to convey or cause to be conveyed to the defendants all lands so acquired with moneys advanced by the defendants, the record title whereof is in the name of the plaintiff, or any other persons other than the defendants. Upon motion of the plaintiff the court struck out this cross-complaint, to which the defendants excepted. The defendants also allege that in or about the summer of 1903 Greene termin-

ated the contract of employment, which is denied by the plaintiff.

The case was tried to a jury, which brought in a verdict for the amount demanded in the complaint, being the sum of $15,000, for three years' salary, from April 26, 1903, to April 26, 1906, and $268 and some cents, conceded to be due to Hereford, for petty expenses. There was no dispute as to the amount of the items. Judgment was rendered on the verdict, and, on the denial of separate motions by the defendants for a new trial, an appeal was taken from the judgment and order of the court. The counsel for the appellee calls our attention to the record, which discloses that on the trial of the case the appellee had moved for a judgment on the pleadings, which motion was denied, and asked a review of such ruling by this court. As there has been no appeal taken or error assigned by the appellee, based upon this ruling, we may not consider it.

The questions presented upon this appeal are, with the exception of the order striking out the defendants' cross-complaint, confined to the rulings of the court upon the admission and exclusion of testimony, and to the correctness of the court's instructions to the jury, and the refusal of instructions requested by the defendants. It is alleged by the appellants that the court erred in striking from the amended answer the cross-complaint contained therein on motion of plaintiff. The first argument of the appellants is directed to the manner in which this cross-complaint was stricken out. It is urged that, if objectionable, it was not subject to a motion to strike, but should have been reached by a demurrer. We do not think this feature of the case entitled to much consideration, for the reason that the record shows that the plaintiff presented a motion to strike, and also demurred upon the same grounds, to the cross-complaint. The court sustained the motion to strike, and then overruled the demurrer, on account of the cross-complaint having been stricken out. If the remedy could only be reached as a matter of form by demurrer, rather than by motion, the error of the court in the manner of its disposal was technical, rather than prejudicial to the defendants. Unless the exclusion of the cross-complaint was reversible error, it was immaterial to the defendants whether it was

disposed of by a motion or demurrer, in a case where both were urged against it.

The motion was based on the grounds "that the matters contained in said cross-complaint are not a proper subject of counterclaim in this action, and that said cross-complaint is irrelevant"; and the demurrer was based upon the ground that the cross-complaint did not "state facts sufficient to constitute a defense or counterclaim in this action," and that "the matters stated . . . are not a proper subject of counterclaim in this action." Our statute provides "that a pleading in all civil suits in courts of record shall be by complaint and answer." "The plaintiff may demur to the answer, or to any defense or counterclaim therein contained, upon the ground that the same does not state facts sufficient to constitute a defense or counterclaim, and to a counterclaim on the ground that the matters stated are not a proper subject of counterclaim in the action." "Sham, irrelevant or frivolous answers and frivolous demurrers may be stricken out . . . on motion. . . ." "If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion." "If the suit be founded upon a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort, or breach of covenant on the part of the plaintiff." "Nothing in the preceding section shall be so construed as to prohibit the defendant from pleading in setoff any counterclaim founded on a cause of action arising out of, or incident to, or connected with the plaintiff's cause of action." It is conceded by the defendants that their right, if any, is conferred under this last quoted provision. We need, therefore, only examine the pleading to ascertain if it contains a counterclaim founded on the cause of action arising out of, or incident to, or connected with the plaintiff's cause of action, such as can be pleaded in setoff against such cause of action. If it cannot be so pleaded, it would be subject to be stricken out on motion as irrelevant under the provisions cited for striking. After a careful examination of the pleadings in question, we are satisfied that the subject matter thereof does not state a counterclaim that could be offered in setoff against the plaintiff's cause of action, and the fact that it does state facts sufficient to constitute a cause of action that might be maintained as an independent action does not authorize its introduction in the pleadings in this case, and the action of the

court in striking it as irrelevant did not constitute reversible error.

It is alleged (2) that the court erred in admitting the testimony of the plaintiff, over the objection of the defendants, for the reason that the defendants summoned the plaintiff as a witness to give his deposition, and the plaintiff refused to appear and answer interrogatories on that occasion, and for that reason, by virtue of paragraph 2531 of our statute, such interrogatories were taken as confessed, and no evidence inconsistent with the answers taken as confessed was admissible. It will be observed that paragraphs 2516, 2517, and 2518, Revised Statutes of 1901, provide for the notary compelling the attendance of witnesses and propounding to them the interrogatories, and 2531 provides a penalty for the refusal to answer when the provisions of paragraphs 2516 and 2517 have been complied with; but in this instance the provisions of paragraphs 2516 and 2517 were not complied with by the notary, and for that reason the penalty was not incurred, and the court's ruling was not error.

The third assignment of error is not sustained by the record. The court instructed the jury that there was no evidence to support the allegation of negligence, or want of due diligence, and the only evidence cited by the appellant is the testimony of one witness that at one time the value of scrip was not to exceed $2.50 per acre, and that testimony was qualified by the witness stating that he gave it only from hearsay. There is nothing in this testimony, even if competent and true, to establish negligence or want of diligence, because, while that might have been the value at one time in one part of the United States, a careful man, in the exercise of due diligence, might pay $4.85 for scrip in some other locality and at other times, when scrip was purchased by the plaintiff.

The fourth assignment of error—directed to the court's instruction relative to the evidence of waiver by the defendants, or either of them, of the agreement of exclusive service, if such was made, and based upon two propositions: "(1) That the plaintiff did not properly allege facts sufficient to constitute waiver; and (2) that there is no evidence of waiver by either of the defendants"—is not sustained by the record. Sufficient allegations of facts to constitute a waiver are found in paragraph 10 et seq. of plaintiff's reply, and the record dis-

closes evidence, oral and documentary, sufficient to go to a
jury tending to show waiver by each of the defendants.

The instruction of the court that is called in question by the
fifth assignment of error is a correct declaration of the law on
that subject.

The sixth assignment is not tenable, for the reason that
there is no evidence in the record of acquiescence in the de-
mand of the defendant for the devotion of plaintiff's exclusive
time, or any expression of intent on the part of the plaintiff
to devote his entire time to the business of the defendants, and,
therefore, there being no evidence on which to base the instruc-
tion, the refusal was not error.

The defendants were not entitled to the instruction referred
to in the seventh assignment of error, for the reason that there
was no evidence that the defendants at all times insisted that
the plaintiff should devote his entire time to their services;
but, if it were error to refuse such instruction, the refusal
would not avail the defendants, because the instruction was
afterward substantially given.

This same statement can be made relative to the instructions
the refusal of which have been assigned as error in assignments
Nos. 8, 9, and 10. The court is not obliged to repeat instruc-
tions once given, or to place substantially the same idea be-
fore the jury in several different instructions, differing but
slightly in their phraseology.

The court correctly refused to give the instruction referred
to in the eleventh assignment of error: "The jury are in-
structed that, if they find from the evidence that by the terms
of contract of employment between the plaintiff and defend-
ants the plaintiff was to give his entire time and attention to
the services of the defendants, the evidence is insufficient to
warrant the jury in finding that such provision of the contract
was waived by the defendants." The very duty of the jury
is to determine, where there is any evidence, whether such evi-
dence is sufficient or insufficient to warrant the jury in find-
ing the fact in support of which such evidence was offered.

The court correctly sustained the objections to the questions
cited in assignments 12 and 13, for the reason that in both in-
stances the questions were based upon unwarranted assump-
tions.

The objection to the question "What did he tell you?" cited
in assignment 14, was properly sustained. It was immaterial

what Greene may have told him about a transaction after its completion. The record does not indicate that the answer would have been material to any issue in the case.

The fifteenth assignment of error is idle, for the reason that, although the court sustained the objection to the question, the witness nevertheless answered the question after the objection was sustained, and the answer was neither withdrawn nor stricken out on motion, but remains in the record.

And likewise the error, if any, alleged in assignment 16, in sustaining an objection to the question, because the substance of that conversation, which would constitute the answer to this question, is given elsewhere.

The rulings of the court sustaining the objections referred to in assignments 17 and 18 were correct, as the answer in each case was immaterial, the paper in regard to which the questions were asked having been read and placed in evidence.

The appellant alleges (19) that "the court erred in striking out the answer to interrogatory 9 of the deposition of W. C. Greene." The interrogatory called for conversations had with Hereford, and deponent was asked to state when and where each of said conversations took place, and who was present, and all that was said at such conversations. The motion to exclude was based on the ground that the witness, asked for a conversation, did not attempt to give it, but only said that he told Mr. Hereford certain things, and, further, that a large portion of the answer is incompetent, because it is testimony concerning the contents of a written document or documents, and the conclusion of the witness concerning the effect of those documents. The answer was properly excluded on the grounds given.

It is alleged (20) that the court erred in striking out the answer in the deposition of Greene to the eleventh interrogatory. There were two depositions of Greene's presented, one taken at El Paso, prior to the first trial, and the other at Nogales, just before the second trial. The second deposition was objected to, and the objection sustained, and it was excluded from evidence. The ruling of the court excluding said second deposition has not been assigned as error; hence is not before us. The entire deposition having been excluded, there was no error in this ruling.

XII Ariz.— 7

The rulings of the court on which the twentieth and twenty-first assignments are based were in reference to the answer to interrogatory No. 11 in the second deposition (the one that had been excluded). The request to read the answer to this interrogatory was properly denied. No request was made at this time to read the answer to interrogatory No. 11 (the same interrogatory) of the deposition that was in evidence.

The appellant alleges (22) that "the court erred in admitting, over the objection of the defendants, and each of them, the following: Plaintiff's Exhibits 7A, 11A, 14A, 15A, 25A, 26A, 27A, 28A, 29A, 30A, 31A, 32A, 33A, 34A, 36A, and 39A, for the reason that they were immaterial, were not proper rebuttal and did not tend to establish waiver and for the reason that the plaintiff was barred from introducing them by reason of having refused to produce them when summoned to give his deposition." The exhibits referred to tended to show waiver, and more than half of them tended to rebut the statement of Greene "that neither himself nor the Greene Cattle Company at any time authorized anyone to employ the services of the plaintiff for either himself or the Greene Cattle Company, or authorized anyone to employ the services of the plaintiff to be rendered subsequent to the month of July, 1904." The reference to the failure of the plaintiff to produce them when summoned to give his deposition was disposed of in our consideration of the second assignment of error.

It is alleged (23) that "the court erred in sustaining the plaintiff's objections to the following questions: 'Q. Mr. Mosen, what was the nature of the duties you exercised as general manager? Q. What duties did you fulfill as general manager? Q. Did Mr. Hereford deny that he had agreed to give Mr. Greene's business his entire attention?'" The answer to the first question was objected to on the ground that it was not the best evidence, the articles and by-laws in writing constituting the best evidence. The record showing that the by-laws specified the duties of the general manager, the objection was properly sustained. The answer to the second question was properly excluded as immaterial. The last question was properly objected to as a leading question, addressed by counsel to his own witness.

The judgment of the lower court is affirmed.

KENT, C. J., and SLOAN, J., concur.