[Civil No. 4027.   Filed April 10, 1939.]

[89 Pac. (2d) 30.]

# E. W. WEBB, Appellant, v. MILDRED CLEO HARDIN, Appellee.

Mr. T. E. Scarborough and Mr. Sam H. Kyle, for Appellant.

Messrs. Darnell, Pattee & Robertson, for Appellee.

LOCKWOOD, J.—E. W. Webb, hereinafter called plaintiff, filed suit against Mildred Cleo Hardin, hereinafter called defendant, alleging that he was injured as the result of an automobile collision caused through her negligence. The latter answered with a general denial, and then cross-complained, admitting the accident but claiming that it was caused by the negligence of plaintiff. The case was tried to a jury which returned a verdict in favor of defendant on plaintiff's complaint, and in favor of plaintiff on defendant's cross-complaint, and judgment was rendered accord-

ingly. After a motion for new trial had been presented to the court by plaintiff and overruled, this appeal was taken from the order denying the motion for new trial and the judgment for defendant. No appeal was taken by defendant from the judgment against her on her cross-complaint.

There are some eight assignments of error, raising several questions, which we will consider in their order. The first arises out of the alleged misconduct of one of the jurors who tried the case. On the motion for new trial, one of the grounds urged was that a member of the jury visited the scene of the accident during the trial of the case for the purpose of determining whether the testimony given in regard to the visibility at such place was correct. The motion was supported by several affidavits, the first being that of plaintiff to the effect that a juror, Arthur E. Johnson, visited the scene of the accident for the purpose of determining the degree of visibility there, such question being a material matter to be considered by the jury, and upon information and belief that the juror informed his fellow jurors as to his conclusion thus reached on that point. There was also an affidavit by the juror's wife that she had accompanied him upon this trip, and that upon returning to the city of Tucson he informed her that the purpose of the trip was to determine the extent of visibility. Controverting this was an affidavit by the juror to the effect that he had gone to the scene of the accident, as stated, but that he did not see anything that in anyway affected his opinion as to the cause of the accident or the liability of the parties; that he did not consider what he had seen in arriving at his verdict, and did not inform any other member of the jury that he had taken the trip. The matter was considered by the trial court and the motion for new trial denied, which,

in effect, was a holding that the conduct of the juror, even if erroneous, was not prejudicial.

■■ It is contended by defendant that this is an attempt to impeach the verdict of a juror in a manner not permitted by law. Regardless of whether this be true or not, we think we cannot say affirmatively that the conduct of the juror constituted reversible error. While it was of course highly improper for him to visit the scene of the accident to ascertain anything in any manner connected with the case which he was trying, except on a view of the premises under the instruction of the court, the error is not necessarily reversible. We held in the case of *Lawrence* v. *State,* 29 Ariz. 247, 256, 240 Pac. 863, 867:

" . . . Whatever may be the rule in other jurisdictions, we hold that in Arizona no cause, civil or criminal, will be reversed for formal error, when upon the whole case it appears that substantial justice has been done, and that prejudice will not be presumed, but must appear probable from the record."

And we have affirmed that ruling in the case of *Sam* v. *State,* 33 Ariz. 383, 265 Pac. 609. Both of these cases were first degree murder, with a death penalty, and if it be the rule in such cases that error will not be presumed to be prejudicial, much more is this true in civil cases.

■ The question then is, Does prejudice seem affirmatively probable in the present case on account of the fact that a juror visited the scene of the accident? He has stated that he did not communicate the fact that he had done so to any other juror, nor did anything that he saw affect his verdict. In view of the fact that the verdict was unanimous, and that the trial judge, after considering the facts and hearing the argument thereon, determined that no prejudice had resulted, we think we cannot say affirmatively that

the misconduct of the juror, improper as it was, constitutes reversible error.

The next question is whether the court erred in giving certain instructions requested by the defendant. These instructions read as follows:

"One who suddenly finds himself in the place of danger and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method."

"The law as to drivers of motor vehicles is not different from that which governs other persons. The standard required is that of a reasonably prudent person under all the circumstances. If some unforeseen emergency occurs, which naturally would overpower the judgment of the ordinary careful driver of a motor vehicle so that momentarily or for a time he is not capable of intelligent action, and as a result injuries are inflicted upon a third person, the driver is not negligent."

"If the accident in which the plaintiff was injured was an unavoidable accident, that is, one which under all the circumstances shown by the evidence, was not the fault of either party, the plaintiff cannot recover."

It was urged and argued by defendant at the trial not only that she herself was not negligent, but that the accident was an unavoidable one caused primarily by the misconduct of a third person. Her testimony was substantially to the effect that while she was driving in an ordinary manner on her own side of the road, a car coming towards her, and in the same direction in which plaintiff was traveling, suddenly drove into the lane on which she was driving, at a very high rate of speed, and that in order to avoid colliding with it, she was forced to pull to the extreme right of the road, off the pavement; that she attempted then to pull back on the pavement, but the car passing

her as above had raised so heavy a cloud of dust that she could not see plaintiff's car, which was approaching her at a high rate of speed, so the collision occurred.

It is urged by plaintiff that these instructions, even though correct as abstract propositions of law, should not have been given (a) because defendant did not plead unavoidable accident and emergency, (b) because her evidence did not show such a situation, and (c) because the court failed to instruct also that unavoidable accident and emergency, if it were brought on by the negligence of defendant herself, would not be a defense.

There is good authority for the view that unavoidable accident, emergency or the negligence of a third party as the proximate cause of an accident may be shown under a general denial. *Schmoker v. French,* (Tex. Civ. App.) 7 S. W. (2d) 177; *Carlisle v. Central of Georgia Ry. Co.,* 183 Ala. 195, 62 So. 759; *Roemer v. Striker,* 142 N. Y. 134, 36 N. E. 808; *Norton v. Galveston, H. & S. A. Ry. Co.,* (Tex. Civ. App.) 108 S. W. 1044; *Bragg v. Metropolitan St. Ry. Co.,* 192 Mo. 331, 91 S. W. 527. But even assuming that the general rule is that a defense of this nature should be specifically pleaded, this court in the very recent case of *Munger v. Boardman, ante,* p. 271, 88 Pac. (2d) 536, decided March 27, 1939, has held, in effect, that wherever there is any evidence appearing in the record upon which the special defense of estoppel might have been predicated and urged at the trial, this court may itself raise, consider and apply such defense, notwithstanding that it had neither been pleaded nor urged as an issue by either party in the lower court. If this be true, much more does it follow that a defense which appears in the evidence and has been urged in the trial court is permissible, even though it may not have been

pleaded. Is there evidence which would sustain such an issue?

It must be remembered that in determining whether an instruction is justified, we must consider the evidence in the strongest possible manner in support of the theory of the party asking the instruction. It is true that defendant did not specifically state in her testimony, "The accident was unavoidable because it was caused by a sudden emergency occasioned by a third party," but the facts to which she testified, together with other evidence in the case, if believed by the jury would justify it in finding that such was the case, and this being true, we think it was proper for the court to instruct upon the law of unavoidable accident and emergency, and leave to the jury to determine whether the facts showed that it existed. Nor do we think it was error for the court to fail of its own motion to instruct the jury that if the negligent conduct of the defendant had created the emergency, she could not defend upon that ground. We have held repeatedly that if instructions are given which are in themselves a correct statement of the law, but are not complete, the party objecting thereto must ask for the amplification which he desires. *City of Phoenix* v. *Mayfield,* 41 Ariz. 537, 20 Pac. (2d) 296. And subdivision 4 of rule V of the Uniform Rules for the Superior Courts reads as follows:

"Instructions desired by any party shall be presented to the court before the latter has commenced to instruct the jury, with a notation under each instruction of any authorities relied upon to sustain it. The parties shall be deemed to have waived the necessity of any instructions except those requested as above."

Since plaintiff did not ask for an amplification of the instruction along the lines which he now contends

were proper, we think he cannot predicate error upon the failure of the court to amplify them of its own motion.

■ The next objection is the action of the court in giving the following two instructions:

"Ordinarily, the driver of a car overtaking and passing another must keep to the left and not turn to the right until entirely clear of the other car, and in overtaking another car he is in duty bound to look out for the car ahead."

"It is negligence on the part of one to drive at a rapid rate of speed so close to a car ahead that if the driver later slows down it becomes necessary for him to turn to the left to avoid striking it, and particularly when in doing so he must turn in front of a vehicle coming from an opposite direction."

It is contended that these instructions are not sustained by any evidence in the case, and are confusing and misleading. Again we must consider the evidence in the manner most favorable to sustain the instructions. The testimony offered on behalf of defendant above set forth would support the theory that a car coming towards her and overtaking and passing plaintiff's car had first crowded her car off the pavement to her right, and then turned so suddenly to the right in front of plaintiff's car, after passing it on the left, that plaintiff was forced out of his own lane of traffic and in front of defendant's car, which was on her side of the road at the time of the collision. If this theory of the facts is sustained by the evidence, we think the instructions complained of were applicable and declare the law correctly, and if the negligence of the driver of the third car was what caused the accident by creating an emergency, neither the conduct of plaintiff nor of defendant was negligent nor the proximate cause of the accident. Of course there is testimony which would contradict this theory,

but it was for the jury to determine which view of the evidence it would take.

The next question is whether the court erred in refusing to give plaintiff's instruction which read as follows:

"You are instructed that the driver of an automobile which crosses to the left of the center of the highway and there collides with another approaching from the opposite direction is presumed to be negligent, thereby placing the burden of proof on the driver of such automobile to establish his or her freedom from negligence."

In the case of *Haner* v. *Wilson-Coffin Trading Co.*, 49 Ariz. 402, 412, 67 Pac. (2d) 487, 491, we said:

" . . . Hence, before it may be held that his driving on that side establishes a *prima facie* case and shifts the burden of proof, it must appear further that his doing so was a proximate cause of the accident."

The instruction is faulty in that it does not contain the element of proximate cause, and it was, therefore, not error for the court to refuse to give it.

The last question is whether the court committed reversible error in refusing to give plaintiff's requested instruction which reads as follows:

"If you find from the evidence in this case that the defendant, Mildred Cleo Hardin, was guilty of any one or more of the alleged acts of negligence and that such negligence was the proximate cause of the accident and injury, if any, it will be your duty to find for the plaintiff and award such damages as will fairly compensate him for his injuries, if any he received, as a result of said accident."

While it would have been proper to give the requested instruction, we think it was not reversible error to refuse it. The court very fully instructed the jury on the question of under what circumstances

a verdict on behalf of plaintiff would be authorized, and not only told it inferentially, if not directly, that if it found the defendant was negligent and such negligence was the proximate cause of the injury the plaintiff could recover, but went further and stated as follows:

" . . . and if you find that both the plaintiff and the defendant were negligent, and that the defendant's neglect was the proximate cause of the collision and injury, if any, and that the plaintiff's neglect did not contribute to his injury, it will be your duty to find for the plaintiff on plaintiff's complaint."

We think the jury could not possibly have failed to know from the instructions as a whole that, if any negligence of defendant was the sole and proximate cause of the accident, the plaintiff was bound to recover.

After a careful examination of the transcript of the evidence and the entire record, we are of the opinion that no reversible error appears, and, this being the case, the judgment of the superior court is necessarily affirmed.

ROSS, C. J., and McALISTER, J., concur.