283 P.2d 235

Ellwood SANDERS and Lillian Sanders, his wife, and Buckeye Crop Dusting Service, Inc., an Arizona Corporation, Appellants,

v.

O. J. BECKWITH and Estella Beckwith, his wife, Appellees.

No. 5921.

Supreme Court of Arizona.

May 3, 1955.

Wilson & Towner, Buckeye, for appellants.

Scoville & Linton, Phoenix, for appellees.

PHELPS, Justice.

O. J. Beckwith and Estella Beckwith, his wife, plaintiffs-appellees herein, recovered a judgment against the Buckeye Crop Dusting Service, Inc., an Arizona Corporation, and Ellwood Sanders and Lillian Sanders, his wife, defendants-appellants, in the sum of $10,000 for damages alleged to have been caused to their dairy herd as a result of the alleged careless, reckless and negligent dusting of a cotton crop belonging to the Sanders with poisonous insecticide known as DDT and benzene hexachloride. The Beckwiths allege that said insecticide caused the dairy herd to become poisoned and sick, reduced the milk production of said herd, causing some of said cows to die and materially depreciated the value of the remainder of the herd. Defendants have appealed from said judgment and from the order denying their motion for a new trial. The parties will hereinafter be referred to as plaintiffs and defendants as they appeared in the trial court.

Defendants have assigned as error:

1. Misconduct of certain of the jurors engaged in the trial of the case by reading an untrue, unfair and prejudicial newspaper account of certain testimony said to have been given by one of plaintiffs' expert witnesses, and that the trial court erred in refusing to grant defendants' motion for a mistrial as a result thereof;

2. The court erred in refusing to give defendants' requested instructions 1, 2 and 3 on contributory negligence although not plead, for the reason that contributory neg-

ligence was shown by plaintiffs in their case in chief; and

3. The court erred in not granting defendants' motion for a new trial for the reason that there was insufficient evidence to support said verdict and the verdict was contrary to the evidence and the law.

We will consider the questions in the order presented. First, was the news item in question, "Toxicologist Testifies—Crop Dusting Called Worse Than Smog", so prejudicial in character as to require the trial court to grant defendants' motion for a mistrial? The question is largely one of discretion for the trial court. Eichten v. Central Minnesota Cooperative Power Ass'n, 224 Minn. 180, 28 N.W.2d 862. Prejudice will not be presumed but must appear probable from the record. Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30.

While it is true jurors should not be permitted to read newspaper items concerning the trial of a case in which they are serving as jurors, a mistrial, however, should not be granted for that reason unless the probability is apparent from the record that the jury was prejudiced thereby. Webb v. Hardin, supra. In view of the fact that the jurors who read the news item knew that the witness did not testify, as stated therein, they could not have been influenced by such article. They stated in effect to the trial judge upon inquiry that they were not prejudiced from having read it and would not consider it in arriving at a verdict. The remoteness, by comparison of California smog to DDT dusting in Arizona, we believe, renders the news item wholly innocuous. So far as we know, California smog is not injurious to dairy herds and certainly there is nothing in the evidence to that effect.

These circumstances together with the fact that the judge instructed the jury that they could not consider such article as evidence and to disregard it in their deliberations, compel us to disagree with defendants that said news item influenced the verdict of the jury in any degree whatsoever. In any event the question was a matter of discretion with the trial court. It determined the publication was not of a prejudicial character and that the jury was not prejudiced thereby. We find no abuse of discretion in its decision.

The cases cited by appellants, from this jurisdiction, are based upon subject matters so widely divergent from the publication in the instant case that they are really not in point at all.

The next assignment is directed at the refusal of the trial court to give defendants' requested instructions 1, 2 and 3 on contributory negligence. The fact that contributory negligence was not plead constitutes no excuse for the failure of the trial court to instruct upon that issue if the plaintiffs' evidence in their case in chief

discloses such negligence on the part of plaintiffs. McIver v. Allen, 33 Ariz. 28, 262 P. 5. But such is not the situation in the instant case. In fact there is no evidence in this case which can be classified as falling in the category of contributory negligence. As pointed out by appellees, contributory negligence must concur or cooperate with the negligence of the defendants to proximately cause the injury of which complaint is made. Salt River Valley Water Users' Ass'n v. Cornum, 49 Ariz. 1, 63 P.2d 639; Nichols v. City of Phoenix, 68 Ariz. 124, 202 P.2d 201. In the instant case the negligent acts of the defendants consisted in trespassing upon plaintiffs' premises by negligently and carelessly dusting the Sanders' cotton crop adjacent to plaintiffs' premises with poisonous insecticide so that it was carried over and upon plaintiffs' feeding pens, alfalfa and sudan grass crops, depositing poisonous dust thereupon. The negligent trespass on the part of the defendants was a completed act before plaintiffs performed any act whatever which could possibly be said to be a proximate cause of an injury to his herd.

The acts upon which defendants rely are that plaintiffs continued to feed chopped green alfalfa to their cattle after they had observed white dust upon the alfalfa leaves after the dusting process was completed and which was not there before the dusting occurred. Defendants claim that it was the duty of plaintiffs to discontinue feeding their growing crops to their cattle and that they could have procured feed from other sources which were not affected by poisonous insecticide dust. We believe that the acts of plaintiffs relied upon by defendants as constituting contributory negligence do not concur, cooperate, or coexist with the acts of defendants to produce the result alleged in the complaint of plaintiffs. If the acts of plaintiffs constitute negligence they occurred subsequent to the negligent trespass of defendants and may have aggravated the consequences of defendants' negligence in depositing the poisonous insecticide upon plaintiffs' growing crops but did not concur therewith and therefore do not constitute contributory negligence. Chicago & E. I. R. Co. v. Mitchell, 56 Ind.App. 354, 105 N.E. 396, 398.

65 C.J.S., Negligence, § 135, has the following to say in distinguishing between "contributory negligence" and "avoidable circumstances" (we believe the acts of plaintiff fall under the latter category):

"The term 'contributory negligence' is properly applied to negligence which contributed proximately to cause the injury, and not to negligence subsequent to the injury aggravating the consequences thereof. While a person who is injured as the result of the negligence of another is bound to exercise ordinary care to prevent or reduce the

damages consequent to an injury, and cannot recover enhanced damages growing out of his failure to use such care, such subsequent neglect goes only to the amount and will not defeat recovery for the original injury." See also Pearson v. Butts, 224 Iowa 376, 276 N.W. 65.

Counsel for defendants seems to have entertained the view that the negligence of plaintiffs was not a concurrent act with defendants' when he requested the court to give (and the court did give) the following instruction:

"You are instructed that a person whose property has been damaged by the wrongful act of another is bound to exercise reasonable care and diligence to avoid loss and to minimize the damage, and he may not recover for losses which would have been prevented by reasonable efforts on his part and by expenditures that he might reasonably have made."

This instruction could only have application where the acts of the plaintiff fall within the category of "avoidable circumstances". We believe that the court did not err in refusing defendants' requested instructions on "contributory negligence."

The third assignment of error is based upon the alleged ground that the verdict is not supported by the evidence, is contrary thereto and to the law and that the trial court therefore erred in denying defendants' motion for a new trial. We have repeatedly announced the rule that where the sufficiency of the evidence to sustain a judgment is questioned, we must resolve every conflict in the evidence and every inference which can reasonably be drawn therefrom in favor of sustaining the verdict and judgment of the court and if there is any substantial evidence from which reasonable men could have found ultimate facts to be such as will sustain the verdict the judgment will be affirmed. Stallcup v. Coscarart, 79 Ariz. 42, 282 P.2d 791; Curlee v. Morris, 72 Ariz. 125, 231 P.2d 752.

There is a sharp conflict in the evidence given by the experts in this case concerning the effect of DDT and benzene-hexochloride upon cattle when taken into the stomach or digestive cavity and also as to whether plaintiffs' cattle became sick and some of which died as a result of the ingestion of these chemicals deposited upon their growing crops by defendants.

Under the above rule the recitation of testimony relating to these matters would serve no useful purpose and it has been so often held to be the law in this jurisdiction that citation of authorities is unnecessary. There is ample evidence to support the verdict and judgment of the lower court.

Judgment affirmed.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.