376 P.2d 557

W. Donald JOHNSON and Georgianna M.
Johnson, his wife, Appellants,

v.

Herbert D. ORCUTT, Appellee.

No. 6656.

Supreme Court of Arizona.

In Division.

Nov. 28, 1962.

Rehearing Denied Jan. 8, 1963.

Moore & Romley, Phoenix, for appellants.

Fennemore, Craig, Allen & McClennen, Phoenix, for appellee.

RUSKIN LINES, Judge.

Plaintiffs, W. Donald Johnson and Georgianna M. Johnson, brought this action against defendant, Herbert Orcutt, to recover damages for personal injuries sustained by Georgianna M. Johnson as the result of an automobile collision on State Route 84, approximately 24 miles northwest of Tucson. In the lower court the jury returned a verdict in favor of defendant and judgment was entered thereon. Plaintiffs appeal from the judgment and from the order denying their motion for a new trial.

The evidence discloses that in the early morning hours of July 29, 1955, Georgianna Johnson was riding as a passenger in a Buick automobile owned and driven by Herbert Orcutt. They were returning from Tucson to their homes in Phoenix. At about 2:00 A. M., when they were approximately 24 miles north of Tucson, Orcutt attempted to pass a truck traveling in the same direction. He drove his automobile to the left side of the right-of-way and alongside the truck. When he was alongside the truck a large sheet of water from the truck's wheel hit the windshield of Orcutt's automobile, causing him to veer to the right and collide with the truck.

At the place where the accident occurred, State Route 84 is a dual, divided, four lane highway. That portion of the roadway upon which Orcutt and the truck were proceeding is the northbound two lanes of this highway, which is the older portion of the highway and formerly accommodated traffic both ways from Phoenix to Tucson, via either Casa Grande or Coolidge. This roadway, which is now one-way northbound, is approximately 24 feet in width, with many dips and small holes.

Orcutt had been traveling at about 45 miles per hour prior to his attempt to pass the truck. In attempting to pass he testified that he increased his speed to 50 to 55 miles per hour and moved to the left half of the highway. The truck was entirely on the right half—to the right of the white lines separating the highway into two lanes. Orcutt swerved to the right, crashing into the truck at its left rear wheels. The car continued to travel, sometimes on and sometimes off the pavement, and hit a concrete wall of a culvert and finally came to rest 401 feet from the point of collision with the truck.

Plaintiffs' first assignment of error is that the court erred in denying their motion for a directed verdict on the issue of liability made at the conclusion of all the evidence. In reviewing the complete transcript of testimony taken in this case, it appears that the trial court did not err in this respect. We believe the record amply indicates that there was a sufficiency of evidence from which, either directly or by making reasonable inferences, reasonable men could have reached the same conclusion reached by the jury and the trial court.

Plaintiffs assert that it was Orcutt's duty to ascertain that he could pass safely before attempting the action; that he was bound to drive at a reasonable and prudent rate of speed under the circumstances. In their brief they lay heavy emphasis on the fact that it was raining heavily, that there were "chuck holes" and depressions in the highway, and that the defendant knew that he should drive at less than ordinary speed and that he would have to travel at *between* 50 and 55 miles per hour to pass the truck, this speed being in violation of the prima facie maximum speed limit.

We have no argument with the abstract legal principles concerning the duty to not pass until safe or the duty to drive at a reasonable and prudent rate of speed. It is with plaintiffs' interpretation of the evidence that we quarrel. The evidence is such, that the jury could have found that Orcutt met these duties. For example, the fact, if it be one, that Orcutt "knew" he had to drive at less than ordinary speed, or that he "knew" he had to go over the speed limit to pass the truck are conclusions from other facts which are the sole prerogative of the jury and which were, as evidenced by the verdict, resolved against the theory advanced by plaintiffs.

 There is credible testimony that it was not raining heavily; there is testimony by the officer who investigated the accident that he could not determine the exact speed of Orcutt's vehicle nor could he say whether he was going faster or slower than 50 miles per hour, the posted limit. Orcutt's testimony was to the effect that he was going 50 *or* 55 miles per hour at the time of the accident. The testimony of the officer as to the "chuck holes" and dips in the roadway was, "there are small holes in it in spots", and " * * * they are not deep ruts. I mean, they are just slope—". The jury was not compelled to the conclusion that Orcutt violated a positive rule of the road as for example that he exceeded the speed limit. In any event, exceeding the speed limit is only prima facie evidence of unlawfulness. Mitchell v. Emblade, 81 Ariz. 121, 301 P.2d 1032. They could have believed the condition of the roadway, and the condition of the weather, less hazardous than the plaintiff urges in presenting her case here.

Where the evidence admits of contrary conclusions we will not supersede the function of the jury to decide the preponderance thereof. This Court on appeal:

"* * * must resolve every conflict in the evidence and every inference which can reasonably be drawn therefrom in favor of sustaining the verdict and judgment of the court and if there is any substantial evidence from which reasonable men could have found ultimate facts to be such as will sustain the verdict the judgment will be affirmed." Sanders v. Beckwith, 79 Ariz. 67, 72, 283 P.2d 235, 239.

Plaintiffs' assignment of error No. 2 complains of the giving of defendant's requested instruction No. 8, submitting to the jury the "sudden emergency" doctrine. In examining the evidence as a whole it appears that this instruction was proper. Defendant Orcutt testified that as he started to pass the truck, a large sheet of water from the truck's wheels suddenly hit the windshield of his car, obstructing his vision. Then apparently Orcutt veered to the right and his automobile collided with the rear portion of the truck. There is testimony concerning the road and weather conditions, as stated, from which the jury could decide that Orcutt was not required, in the exercise of ordinary care, to anticipate and foresee such a volume of water being suddenly cast upon his windshield as to obstruct his view. Such being the case, it was not error to instruct as to the law applicable to the defendant's theory of the case and his responsibility when confronted with a sudden emergency.

Plaintiffs' third assignment of error attacks the giving of defendant's requested instruction as follows:

"You are instructed that if you find that the accident and injuries to plaintiff occurred without having been proximately caused by negligence on the part of the defendant, Orcutt, the plaintiffs may not recover in this case. A plaintiff may not recover for injuries caused by an accident which was not proximately caused by negligence. And this is true notwithstanding you may find further that the accident could have been avoided by the exercise of exceptional foresight, skill or caution on the part of the defendant, Orcutt."

Plaintiff argues that this instruction is essentially one on unavoidable accident. At the time plaintiff objected to the giving of it the trial judge indicated to counsel that it was not intended to be one of unavoidable accident and that he would not give such an instruction. The court also specifically prohibited counsel from arguing from this instruction that the accident was unavoidable.

The second sentence of the instruction ostensibly appears to express the substance of an unavoidable accident as laid down in

Town & Country Securities Co. v. Place, 79 Ariz. 122, 126, 285 P.2d 165 and in Gray v. Woods, 84 Ariz. 87, 324 P.2d 220. Plainly the sentence is taken out of context. When read with the preceding sentence and the following sentence as being addressed to the defendant's negligence it does not bear the connotation sought to be imported to it by plaintiffs.

■ Plaintiffs' assignment of error No. 4 pertains to the court's refusal to give an instruction requested by plaintiffs pertaining to the duty of a driver to keep his vehicle under control.

■ It is to be noted that the court gave other instructions which dealt with the matter of control of vehicles. Those instructions adequately presented any issue which might have been presented by the rejected instruction. It is not error for the court to refuse requests to charge the jury where the contents are substantially covered otherwise. MacNeil v. Perkins, 84 Ariz. 74, 324 P.2d 211; Southern Pacific Railroad Co. v. Mitchell, 80 Ariz. 50, 292 P.2d 827; Greene v. Hereford, 12 Ariz. 85, 95 P. 105.

Since we find no error in the record justifying a reversal of the verdict of the jury in this case the judgment of the lower court is ordered affirmed.

Judgment affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, J., concurring.