411 P.2d 467

Bernard LASHINSKY and Harriet Lashinsky, husband and wife, Appellants,
and
Ben Pearson and Everett Cutler and Louise Cutler, husband and wife, Appellants,

v.

Kathryn HOFFMAN and Louis Hoffman, husband and wife, Appellees.*

No. 1 CA–CIV 285.

Court of Appeals of Arizona.

Feb. 28, 1966.

Rehearing Denied March 30, 1966.

Review Denied April 26, 1966.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7362. The matter was referred to this Court pursuant to A.R.S. Section 12–120.23.

McKesson, Renaud & Cook by Sidney S. Pearce, Jr., Phoenix, for appellants Lashinsky.

Fennemore, Craig, Allen & McClennen, by Arthur M. Johnson and C. Webb Crockett, Phoenix, for appellants Pearson and Cutler.

Snell & Wilmer and Kenneth S. Scoville by Kenneth S. Scoville, and Leroy W. Hofmann, Phoenix, for appellees.

KRUCKER, Chief Judge.

Kathryn Hoffman was injured in a two car collision on October 8, 1958, on North Central Avenue, Phoenix, Arizona, at or near the intersection of Montebello. Appellees, Hoffman, brought action and recovered a judgment on a verdict for $20,-000.00 against the appellants, who were the defendants in the lower court. Appellants Lashinsky also filed a cross-claim against Ben Pearson and the Cutlers, on which cross-claim there was no recovery.

Pertinent facts are that on the day in question Mrs. Lashinsky picked up Mrs. Hoffman and they were driving to a previously arranged luncheon date in the Lashinsky automobile. Mrs. Lashinsky was driving south on Central Avenue and Mrs. Hoffman was sitting in the front seat with her.

Defendant, Mrs. Cutler, was driving north on Central Avenue in a car owned by her father, Ben Pearson. Approaching the intersection of Montebello, Mrs. Lashinsky observed the Cutler vehicle coming north. Mrs. Cutler intended to make a left turn and swerved into the wrong lane of traffic. Mrs. Lashinsky testified that she watched the Cutler vehicle traveling toward her for about one-third of a block before the impact and watched the Cutler car constantly during the entire period of time until the collision.

In this appeal there seems to be no question as to the liability of the Cutlers and Mr. Pearson. They have joined in the appeal so that the entire judgment would not be against them alone.

The principal issue raised by the appeal deals with the question of whether there was evidence of any actionable negligence on the part of Mrs. Lashinsky sufficient to hold her and submit the matter to a jury and that there was no basis upon which Mrs. Lashinsky could be guilty of

contributory negligence which would bar her recovery on the cross-claim.

The court denied motions for directed verdicts and for judgment notwithstanding the verdict or, in the alternative, a motion for a new trial.

An examination of the record discloses that the jury could find negligence on the part of the appellant Lashinsky on a number of points in that she did not take evasive action, that she delayed taking evasive action, that she did not maintain a proper lookout or proper control of her automobile and that the vehicle may have been mechanically unsafe (only one wheel with power brakes laid down a skid mark), there is also evidence by Mrs. Lashinsky that she turned her wheel sharply to the right, thus turning her vehicle to the west in the same direction as the Cutler vehicle was proceeding.

Any or all of these factors are sustainable by an examination of the testimony and were sufficient to submit the question of negligence and contributory negligence to the jury.

An Appellate Court must construe the testimony in the light most favorable to uphold the action of the trial court. Sax v. Kopelman, 96 Ariz. 394, 396 P.2d 17 (1964); Johnson v. Orcutt, 92 Ariz. 295, 376 P.2d 557 (1962); Snyder v. Beers, 1 Ariz.App. 497, 405 P.2d 288 (1965).

The next four assignments of error deal with the giving or refusing of certain requested instructions.

"The driver of the automobile is bound to keep a practically continuous lookout while driving, but no such duty is imposed on the passenger or guest. In the absence of knowledge of danger or of facts which should give him such knowledge, a passenger or guest may properly rely on the driver to attend to the driving of the automobile. The primary duty of care for the safe operation rests upon the driver."

This instruction deals with the duty imposed on a passenger or guest and is a proper statement of the law. No authority is cited to show the instruction to be improper and the instruction is somewhat in line with Arizona Uniform Jury Instruction No. 12. See Southern Pacific R. Co. v. Mitchell, 80 Ariz. 50, 292 P.2d 827 (1956); Humphrey v. A. T. & S. F. Ry. Co., 50 Ariz. 167, 70 P.2d 319 (1937).

The next instruction objected to is as follows:

"It is the law of this state that a driver has the obligation to make such observation as will enable him to see what a person in the exercise of ordinary care could and should have seen under the circumstances then and there existing."

Appellant contends that this instruction is a comment on the evidence. We cannot agree. It is also asserted that it applies only to the defendants Cutler. We hold that it is an appropriate instruction and should be given and that it would apply to both defendants. We are given no citations to the contrary and, therefore, hold that giving the instruction was not error.

The next contention is that the court erred in refusing defendants Lashinsky's requests that the jury be given a further explanation of negligence beyond the basic definition of negligence given by the court as to which no objection is taken. This subject was adequately and correctly covered by the court's instructions. There was no argument or citation in support of this assignment of error and we deem the assignment abandoned. Stallcup v. Coscarart, 79 Ariz. 42, 282 P.2d 791 (1955).

The final assignment of error deals with the court's refusal to grant motions for a mistrial based upon purported references to insurance in the close proximity of the jury. It is not contended or shown that any member of the jury heard any purported "references to insurance" and the trial court found as a fact that the jury did not, and could not have been influenced in any way. Unless it appears

clearly from the record that there was an abuse of discretion the decision should not be disturbed. Schmerfeld v. Hendry, 74 Ariz. 159, 245 P.2d 420 (1952). There is no specific reference to the record as to this assignment of error and it must, therefore, be denied. City of Phoenix v. Dickson, 40 Ariz. 403, 12 P.2d 618 (1932).

The judgment of the trial court is affirmed as to both appellants.

HATHAWAY and MOLLOY, JJ., concurring.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.