**Robert LASETER and Wanda Laseter, Plaintiffs–Appellants,**

v.

**Louis GRIFFIN, Defendant–Respondent.**

No. 21646.

Missouri Court of Appeals, Southern District, Division Two.

May 14, 1998.

Kimberly S. Essary–Price, Oliver, Oliver & Waltz, P.C., Cape Girardeau, for plaintiffs-appellants.

Phillip J. Barkett, Jr., Dempster, Barkett & Edwards, Sikeston, for defendant-respondent.

PARRISH, Presiding Judge.

Robert and Wanda Laseter (plaintiffs) appeal a judgment dismissing their amended petition against Louis Griffin (defendant). The amended petition alleged that plaintiffs' crops were damaged because spray intended for defendant's property was negligently applied; that the spray drifted onto plaintiffs' property. The amended petition consists of six counts seeking relief. Defendant filed a motion requesting that the trial court dismiss plaintiffs' amended petition. The trial court granted the motion. It entered judgment

dismissing the petition as to defendant.[1] This court reverses and remands.

Defendant's motion stated no basis for its request to dismiss plaintiffs' petition. The text of the motion, including its title, states:

### DEFENDANT LOUIS GRIFFIN'S MOTION TO DISMISS FIRST AMENDED PETITION

Comes now defendant Louis Griffin by and through his attorneys and moves the Court for an Order dismissing plaintiffs' First Amended Petition filed herein.

■ Rule 55.27(a) provides that defenses to claims raised in pleadings in lawsuits are to be asserted by responsive pleadings, if a responsive pleading is required. The purpose is "to present, define, and isolate the controverted issues." *Mills v. Mills*, 939 S.W.2d 72, 74 (Mo.App.1997). The rule further provides, however, that certain defenses may be raised by motion.[2]

■ Defendant's motion did not comply with Rule 55.27. It stated no defense to any claim raised in the amended petition. It presented nothing for the trial court to determine. Although plaintiffs failed to brief this issue, this court finds that the dismissal of the amended petition was erroneous; it affected substantial rights of plaintiffs; it resulted in manifest injustice and a miscarriage of justice. *See* Rule 84.13(c). The judgment must be reversed.

Although defendant's motion did not assert that the petition failed to state a claim upon which relief could be granted, the parties' briefs address that question with respect to all but one of the counts in plaintiffs' amended petition. The principal argument in plaintiffs' brief is that the trial court based its dismissal of plaintiffs' petition on the belief that a landowner who engaged an independent contractor to do aerial spraying could not have been vicariously liable for damages that resulted from negligent application of spray that drifted to adjoining property. Should that issue arise upon remand, the trial court might find the following references to be of assistance: *Ballinger v. Gascosage Elec. Co-op.*, 788 S.W.2d 506 (Mo. banc 1990) (*but see* limitation imposed with respect to employees of independent contractors covered by workers' compensation in *Zueck v. Oppenheimer Gateway Properties*, 809 S.W.2d 384 (Mo. banc 1991)); *Faire v. Burke*, 363 Mo. 562, 252 S.W.2d 289 (1952); Jonathan M. Purver, Annotation, *Crop-Dusting—Liability for Injury*, 37 A.L.R.3d 833 § 3 (1971).

*See also Boroughs v. Joiner*, 337 So.2d 340 (Ala.1976); *Lawler v. Skelton*, 241 Miss. 274, 130 So.2d 565 (1961); *Burke v. Thomas*, 313 P.2d 1082 (Okla.1957); *Sanders v. Beckwith*, 79 Ariz. 67, 283 P.2d 235 (1955); *Parks v. Atwood Crop Dusters*, 118 Cal.App.2d 368, 257 P.2d 653 (1953); *Pendergrass v. Lovelace*, 57 N.M. 661, 262 P.2d 231 (1953); *Heeb v. Prysock*, 219 Ark. 899, 245 S.W.2d 577 (1952); *Lundberg v. Bolon*, 67 Ariz. 259, 194 P.2d 454 (1948); *Pannella v. Reilly*, 304 Mass. 172, 23 N.E.2d 87 (1939); *Miles v. A. Arena & Co.*, 23 Cal.App.2d 680, 73 P.2d 1260 (1937); *S.A. Gerrard Co. v. Fricker*, 42 Ariz. 503, 27 P.2d 678 (1933).

The judgment is reversed. The case is remanded.

SHRUM and BARNEY, JJ., concur.

---

1. There were two defendants, Mr. Griffin, a landowner who contracted for crop-dusting, and Cecil T. Beeson, the crop duster he engaged.

2. Rule 55.27(a) permits the following defenses to be raised by motion:
   (1) lack of jurisdiction over the subject matter,
   (2) lack of jurisdiction over the person,
   (3) improper venue,
   (4) insufficiency of process,
   (5) insufficiency of service of process,
   (6) failure to state a claim upon which relief can be granted,
   (7) failure to join a party under Rule 52.04,
   (8) that plaintiff should furnish security for costs,
   (9) that plaintiff does not have legal capacity to sue,
   (10) that there is another action pending between the same parties for the same cause in this state,
   (11) that several claims have been improperly united,
   (12) that the counterclaim or cross-claim is one which cannot be properly interposed in this action.